NICHOLAS C. DREHER, ESQ.       1299-0
THEODORE D.C. YOUNG, ESQ.      5735-0
CADES SCHUTTE
A Limited Liability Law Company
1000 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 521-9200
Facsimile: (808) 521-9210
ndreher@cades.com
tyoung@cades.com

LISA G. BECKERMAN, ESQ.
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
lbeckerman@akingump.com

DAVID P. SIMONDS, ESQ.
California State Bar No. 214499
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 229-1000
Facsimile: (310) 229-1001
dsimonds@akingump.com

Proposed Counsel for Debtor
and Debtor in Possession




IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | **Case No. 03-00817** |
|---|---|---|
| | ) | (Chapter 11) |
| HAWAIIAN AIRLINES, INC., | ) | |
| a Hawaii corporation, | ) | **ORDER GRANTING DEBTOR'S** |
| | ) | **MOTION FOR ENTRY OF AN ORDER** |
| Debtor. | ) | **PURSUANT TO SECTIONS 105 AND 365** |

:465892-3

|  | ) OF THE BANKRUPTCY CODE (A)
) AUTHORIZING THE DEBTOR TO
) ASSUME EXECUTORY CONTRACTS
) RELATING TO INTERLINE
) AGREEMENTS, CLEARINGHOUSE
) AGREEMENTS, THE ARC
) AGREEMENTS, THE BSP
) AGREEMENTS, THE UATP
) AGREEMENT, THE CODE SHARE
) AGREEMENTS AND THE FREQUENT
) FLYER AGREEMENTS AND (B)
) AUTHORIZING, BUT NOT
) REQUIRING, THE DEBTOR TO
) HONOR PREPETITION OBLIGATIONS
) RELATED TO CODE SHARE
) AGREEMENTS, GLOBAL
) DISTRIBUTION SYSTEMS
) AGREEMENTS, MULTIHOST
) AGREEMENT, TRAVEL AGENCY
) AGREEMENTS, AND THE ATPCO
) AGREEMENT, IN THE ORDINARY
) COURSE OF BUSINESS
)
) Date: March 21, 2003
) Time:
) Judge: Hon. Robert J. Faris
) |

Upon the motion of Hawaiian Airlines, Inc. (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case, for entry of an order pursuant to sections 105 and 365 of the Bankruptcy Code (A) authorizing the debtor to assume executory contracts relating to Interline Agreements, Clearinghouse Agreements, the ARC Agreements, the BSP Agreements, the UATP Agreement, Code Share Agreements and the Frequent Flyer Agreements

and (B) authorizing, but not requiring, the Debtor to honor prepetition obligations related to Code Share Agreements, Global Distribution Systems Agreements, Multihost Agreement, Travel Agency Agreements, Ground Handling Agreements, Security Services Agreements, Crew Hotel Agreements and the ATPCO Agreement, in the ordinary course of business; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED in its entirety.

2. The Assumed Contracts are assumed by the Debtor effective as of the date of this Order.

3. The Debtor shall cure any defaults under the Assumed Contracts, and shall pay any other amounts necessary to assume the Assumed Contracts in the ordinary course of business.

4. The Debtor has provided adequate assurance of future performance under the Assumed Contracts as required under section 365(b) of the Bankruptcy Code, without requiring any further action.

5. The Debtor is authorized, but not directed, to pay prepetition obligations and to continue honoring, performing, and exercising its rights and obligations (whether prepetition or postpetition) in the ordinary course of business to, and in accordance with, its Prepetition Obligations.

6. The automatic stay of section 362(a) of the Bankruptcy Code is hereby modified to the extent (but only to the extent) necessary to enable the counterparties to the Interline Agreements, the Clearinghouse Agreements, the UATP Agreement, the ARC Agreements and the BSPs to participate in routine billings and settlements in accordance with the terms of those agreements.

7. In accordance with this Order and any other order of this Court, each of the banks and financial institutions at which the Debtor maintains its accounts relating to the payment of the claims that the Debtor requests authority to pay in the Motion, is authorized and directed to honor checks presented for payment, and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in such accounts.

8. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 6006(d), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: Honolulu, Hawaii, __MAR 2 4 2003__, 2003.

/s/ _____

UNITED STATES BANKRUPTCY JUDGE

---

In re Hawaiian Airlines, Inc., Chapter 11, Case No. 03-00817;
ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105 AND 365 OF THE BANKRUPTCY CODE (A) AUTHORIZING THE DEBTOR TO ASSUME EXECUTORY CONTRACTS RELATING TO INTERLINE AGREEMENTS, CLEARINGHOUSE AGREEMENTS, THE ARC AGREEMENTS, THE BSP AGREEMENTS, THE UATP AGREEMENT, THE CODE SHARE AGREEMENTS AND THE FREQUENT FLYER AGREEMENTS AND (B) AUTHORIZING, BUT NOT REQUIRING, THE DEBTOR TO HONOR PREPETITION OBLIGATIONS RELATED TO CODE SHARE AGREEMENTS, GLOBAL DISTRIBUTION SYSTEMS AGREEMENTS, MULTIHOST AGREEMENT, TRAVEL AGENCY AGREEMENTS, AND THE ATPCO AGREEMENT, IN THE ORDINARY COURSE OF BUSINESS