TOM E. ROESSER        3241-0
KATHERINE G. LEONARD    5576-0
CARLSMITH BALL LLP
ASB Tower, Suite 2200
1001 Bishop Street
Honolulu, Hawaii  96809-0656
Telephone:  (808) 523-2500
Facsimile:   (808) 523-0842
troesser@carlsmith.com; kleonard@carlsmith.com

BRUCE BENNETT (Admitted *Pro Hac Vice*)
SIDNEY P. LEVINSON (Admitted *Pro Hac Vice*)
JOSHUA M. MESTER (Admitted *Pro Hac Vice)*
JOHN L. JONES, II (Admitted *Pro Hac Vice*)
HENNIGAN, BENNETT & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California  90017
Telephone:  (213) 694-1200
Facsimile:  (213) 694-1234
bennettb@hbdlawyers.com; levinsons@hbdlawyers.com;
mesterj@hbdlawyers.com; jonesj@hbdlawyers.com

Counsel for Reorganized Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) | Case No. 03-00817 |
| | ) | |
| HAWAIIAN AIRLINES, INC., a | ) | Chapter 11 |
| Hawaii corporation, | ) | |
| | ) | Hearing |
| Debtor. | ) | DATE: October 17, 2005 |
| | ) | TIME: 10:30 a.m. |
| | ) | JUDGE: Hon. Robert J. Faris |
| | ) | |
| | ) | Objection Deadline |
| | ) | DATE: September 30, 2005 |
| | ) | TIME: 4:00 p.m. |

**FOURTH OMNIBUS OBJECTION OF REORGANIZED DEBTORTO CLAIMS (AMENDED/DUPLICATIVE CLAIMS, RECLASSIFIED CLAIMS, NO BASIS CLAIMS, AND EMPLOYEE BENEFITS CLAIMS); EXHIBITS A-E**

Hawaiian Airlines, Inc. (the "Reorganized Debtor"), hereby files this Fourth Omnibus Objection To Claims (Amended/Duplicative Claims, Reclassified Claims, No Basis Claims, and Employee Benefits Claims) (the "Fourth Omnibus Objection") pursuant to sections 102, 105(a), 502(b) and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")[1].  In support of the Fourth Omnibus Objection, the Reorganized Debtor respectfully represents as follows:

## JURISDICTION

1.     This Court has jurisdiction over the subject matter of this Fourth Omnibus Objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. § 1409.  The instant proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Court possesses the requisite authority to grant the relief requested herein pursuant to sections 102, 105(a), 502(b) and 507 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

RELIEF REQUESTED:  By this Fourth Omnibus Objection, the Reorganized Debtor, pursuant to sections 502(b) and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, hereby objects to each of the proofs of claim identified on the schedules attached hereto as Exhibits A through D other than those claims identified as "Remaining Claims" (collectively, the "Disputed Claims"), and

---

[1]     See also, Docket Nos. 5204, 5205, 5209, 5210, and 5214.

requests that the Court enter an order, substantially in the form of the proposed order attached hereto as <u>Exhibit E</u>, disallowing, expunging, reclassifying, and/or reducing, as set forth in paragraph 9, below, each of such Disputed Claims.

## BACKGROUND

2.      On March 21, 2003 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      On May 16, 2003, the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court") ordered appointment of a Chapter 11 Trustee. The Office of the United States Trustee selected Joshua Gotbaum to serve as the Chapter 11 Trustee.  Notice of the appointment of Mr. Gotbaum (the "Trustee") as the Chapter 11 Trustee was filed with the Bankruptcy Court on July 3, 2003.

4.      On September 23, 2003, the Trustee filed a motion seeking, inter alia, approval of certain procedures and deadlines with respect to the filing of proofs of claim and interest in this case.

5.      Thereafter, on November 7, 2003, this Court entered its "Order Granting Motion for Order (I) Establishing Procedures and Deadlines for the Filing of Proofs of Claim and Interest; (II) Establishing Consequences for the Failure to Comply with Such Procedures and Deadlines; and (III) Approving the Form and Scope of Notice of Such Procedures and Deadlines" (the "Bar Date Order"), by which the Court, among other things, established January 26, 2004 (the "Bar

Date"), as the deadline for the filing of proofs of claim and interest against the Debtor. Among other things, the Bar Date Order provides that any entity that was required to, but did not, file a proof of claim by the Bar Date (i) shall be forever barred from participating in the estate of the Debtor, voting with respect to any plan(s) of reorganization filed in this case, and receiving any distributions under such plan(s) or otherwise from the Debtor's bankruptcy estate; (ii) shall be bound by the terms of any such plan(s) that are confirmed by this Court; and (iii) shall no longer be entitled to receive further mailings in or notices regarding this case." Bar Date Order, at 7-8.

6. In response to the Bar Date Order, more than 1,000 proofs of claim and interest have been filed to date. Based upon his review and analysis, the Trustee filed his First Omnibus Objection to Claims [Docket No. 2695]. Thereafter, the Trustee filed his Second Omnibus Objection to Claims [Docket No. 2946]. Thereafter, the Trustee filed his Third Omnibus Objection to Claims [Docket No. 3459].

7. On June 2, 2005, the Effective Date of the Third Amended Joint Plan of Reorganization of Joshua Gotbaum, as Chapter 11 Trustee for Hawaiian Airlines, Inc., the Official Committee of Unsecured Creditors, HHIC, Inc., Hawaiian Holdings, Inc. and RC Aviation, LLC dated as of March 11, 2005 (the "Joint Plan") occurred.

8.     Upon additional review and analysis, the Reorganized Debtor has determined that the Disputed Claims cannot be allowed as filed and, for the reasons set forth below, must be disallowed, expunged, reclassified, and/or reduced in the manner described below.

**RELIEF REQUESTED**

9.     By this Fourth Omnibus Objection, the Reorganized Debtor hereby objects to each of the proofs of claim identified on the schedules attached hereto as Exhibits A through D other than those claims identified as "Remaining Claims" (collectively, the "Disputed Claims"), and requests that the Court enter an Order, substantially in the form of the proposed order attached hereto as Exhibit E, granting the following relief with respect to the Disputed Claims:

a.     Disallowing and expunging the claims identified on Exhibit A as "Claims to be Expunged" (collectively, the "Amended Claims"), which claims the Reorganized Debtor believes to be amended, superseded, or duplicated by one or more other proofs of claim filed against the Debtor (identified on Exhibit A as the "Remaining Claims");

b.     Reclassifying, and where indicated, reducing the amount of the claims identified on Exhibit B as "Originally Filed Claims" (collectively, the "Reduced, Amended and/or Reclassified Claims"), as specifically set forth on Exhibit B, which claims the Reorganized Debtor believes to have been: (i) filed as priority and/or secured claims without an appropriate basis for

doing so; (ii) to have been filed in amounts that exceed the amounts reflected in the Reorganized Debtor's books and records; (iii) to have been filed in amounts including postpetition amounts and/or interest without an appropriate basis for doing so; and/or (iv) to have been modified pursuant to an agreement between the Reorganized Debtor and the claimant;

c. Disallowing and expunging or reducing the claims identified on Exhibit C as "No Basis Claims" (collectively, the "No Basis Claims"), which claims the Reorganized Debtor believes to have been filed without sufficient evidentiary support (or the support provided does not verify the amount listed on the claim form attached thereto) and/or from which the Reorganized Debtor's books and records reveal no liability or less liability than set forth in the proof of claim, and for which the Reorganized Debtor otherwise believes to have no basis in fact or law.

The No Basis Claims also include the following: (i) claims that are not valid under one or more provisions of the Reorganized Debtor's Domestic Rules Tariffs (also known as the Contract of Carriage) (the "Tariffs");[2] (ii) claims that have been resolved by stipulations and/or orders of this Court granting relief from stay to pursue litigation in other forums; and (iii) claims that have been satisfied, and will continue to be satisfied, in the ordinary course of the Reorganized Debtor's business (*e.g*., the HawaiianMiles

---

[2] Copies of the applicable Tariffs are attached hereto as Exhibit C-1.

program).

d.　Disallowing and expunging, the claims identified on <u>Exhibit D</u> as "Employee Benefits Claims," which claims the Reorganized Debtor believes to have been filed in error, and/or are properly asserted by the Pension Benefit Guaranty Corporation (the "PBGC"), rather than individual employees.  In any event, the Trustee reached agreements with the Reorganized Debtor's unions to ratify agreements for future services and assumed liabilities for past services, thus leaving no basis for a claim.

e.　The Employee Benefits Claims also include claims that have been satisfied or will be satisfied in the ordinary course of the Reorganized Debtor's business (*e.g.*, employee programs and worker's compensation program).

The Employee Benefits Claims also include claims the Reorganized Debtor believes to have been satisfied as a result of the Court's Order [Docket No. 2935] authorizing payment of the 10% deferred wages from 2001 relating to pre-petition services performed by the pilots.  Certain of the claimants have asserted claims for payment of 14% of deferred wages for services from the same period.  The Reorganized Debtor is currently resolving this grievance through arbitration with the Air Lines Pilots Association, International ("ALPA").  Through this Fourth Omnibus Objection, the Reorganized Debtor seeks disallowance of those claims

without prejudice to ALPA's resolution of the difference through arbitration.

Finally, the Employee Benefits Claims also include the proofs of claim filed by the Reorganized Debtor's unions [Claim Nos. 604, 681, 730, and 781], which are based on (i) vacation and related employee benefits, which the Reorganized Debtor is maintaining in the ordinary course its business; and/or (ii) matters that are being resolved through the grievance process set forth in the applicable collective bargaining agreement. The Reorganized Debtor seeks to disallow each of these claims without prejudice to the unions' ability to resolve the grievances through the procedures outlined in their respective collective bargaining agreements.

## BASIS FOR THE RELIEF REQUESTED

10. Section 502(b) of the Bankruptcy Code provides a number of grounds on which a proof of claim may be disallowed. Among those grounds are that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured" and where "proof of such claim is not timely filed." 11 U.S.C. §§ 502(b)(1), (9).

11. For the reasons set forth below, valid objections under section 502(b) exist with respect to each of the Disputed Claims.

**A.     The Amended Claims**

12.     The Reorganized Debtor's review of the Disputed Claims indicates that each of the Amended Claims was amended, superseded, or duplicated by one or more other proofs of claim filed against the Debtor, as identified on Exhibit A as the "Remaining Claims." The Reorganized Debtor therefore requests that the Court disallow and expunge the Amended Claims, while leaving the Remaining Claims for consideration at a future date (subject to the rights of all parties in interest to object to such Remaining Claims on any and all available grounds).

**B.     The Reduced, Amended and/or Reclassified Claims**

13.     The Reorganized Debtor's review of the Disputed Claims indicates that the Reduced, Amended and/or Reclassified Claims either: (i) were filed as priority and/or secured claims without an appropriate basis for doing so; and/or (ii) were filed in amounts that exceed the amounts reflected in the Reorganized Debtor's books and records as due and owing with respect to such claims; and/or (iii) were filed in amounts including postpetition amounts and/or interest without an appropriate basis for doing so; and/or (iv) have been modified pursuant to an agreement between the Reorganized Debtor and the claimant. The column entitled "Comments" on the schedule attached as Exhibit B identifies the specific defect(s) for each such claim.

14.     The Reorganized Debtor therefore requests that the Court enter an order reclassifying, amending and/or reducing the amounts of the Reduced, Amended and/or Reclassified Claims as set forth on Exhibit B. Specifically, the

Reorganized Debtor requests that, with respect to each Reduced, Amended and/or Reclassified Claim, the Court order that the Reduced, Amended and/or Reclassified Claim be deemed filed in the status and the amount identified for such claim on Exhibit B in the column entitled "Relief Requested."

## C.    The No Basis Claims

15.    Upon review of the Disputed Claims and the Reorganized Debtor's books and records, the Reorganized Debtor has determined that the No Basis Claims represent proofs of claims that (a) are not reflected as liabilities in the Debtor's books and records, (b) are not otherwise justified as valid, and (c) were filed by parties with no valid claims to assert.  Some of the No Basis Claims identified on Exhibit C lack any supporting documentation and otherwise fail to provide any indication of the alleged liability of the Debtor.  Other No Basis Claims appear to be obligations of entities other than the Debtor.  Still other No Basis Claims have been paid.

16.    The Reorganized Debtor's review of the Disputed Claims indicates that, as reflected on Exhibit C, certain of the No Basis Claims have either been satisfied or resolved through stipulations or orders of this Court relating to the grant of relief from stay.  In addition, some of the No Basis Claims relate to claims that are not valid under one or more provisions of the Reorganized Debtor's Tariffs.  For example, claims that had not been initiated in writing within the 30 day of the alleged occurrence are void for lack of notice, as Tariff No. 95 provides:

Contract of Carriage: Rule 95

CLAIMS

A) Time Limitations. No action shall be maintained for any loss of, or damage to, or any delay in the delivery of, any property, baggage, or on any other claim (except for personal injury or death), arising out of or in connection with transportation of, or failure to transport any passenger, property or baggage unless notice of the claim is presented in writing to an office of the carrier participating in this rule alleged to be responsible therefor within 30 days after the alleged occurrence of the events giving rise to the claim, and unless the action is commenced within one (1) year after such alleged occurrence. Any written notification received by the carrier within 30 days which informs the carrier of the nature of the claim is sufficient to meet the requirements for timely notice. Failure to give the above notice shall not be a bar if the claimant can show good cause for his failure to bring his claim within 30 days.

Tariff No. Rule 95(a).

17.     In addition, Tariff No. 230 provides that the Reorganized Debtor is not liable for damage to certain artistic or musical instruments:

LIABILITY -- BAGGAGE

* * * *

EXCLUSIONS FROM LIABILITY

1) HA shall not be liable for the loss, damage or delay in delivery of any property which is not acceptable for transportation in accordance with Rules 190, 195 and 200, or for any other loss or damage of whatever nature resulting from any such loss or damage, or from the transportation of such property. This exclusion is applicable whether the non-acceptable property is included in the passengers checked baggage, with or

without the knowledge of the carrier.
2) HA assumes no liability for articles carried into the passenger cabin, whether known or unknown to HA.

3) HA assumes no liability for medicines including but not limited to vitamins, dietary supplements, over counter home remedies etc., orthotic devices (surgical supports), money, jewelry, camera equipment, kitchen appliances of any kind, or other valuable or fragile items, including but not limited to items listed below, whether contained in checked or unchecked baggage, with or without the knowledge of HA:

A) ARTISTIC ITEMS

Sculptures; paintings or pictures, framed or unframed; and models. Sconces; decorative screens; items of decorator stones; marble, onyx and alabaster; vases; figurines; trophies; souvenirs; other decorator objects and curios, chess sets; drawings; statues; or other sculptures; paintings; picture albums; plastics; plaster of paris molds and casts; photographs; display models; antique furniture; fish tanks; terrariums; religious or ceremonial mats; artifacts.

\* \* \* \*

I) MUSICAL INSTRUMENTS AND EQUIPMENT

Guitars, violins and violas, cellos, ukuleles, organs, harps, drums, and other musical instruments and amplifiers or speakers used in conjunction with electronic instruments that are not protected or in carrying cases that are not sufficient to prevent damage during the course of normal baggage handling, or if string instruments do not have their strings loosened prior to transport.

Tariff No. 230(B)(3)(A), (I).

18.     Finally, Tariff No. 240 provides that the Debtor is not liable for

weather related delays:

> FLIGHT DELAYS/CANCELLATIONS (CONFIRMED PASSENGERS)
>
> * * * *
>
> D) AMENITIES/SERVICES FOR DELAYED PASSENGERS
>
> The carrier will assume the expenses outlined below for all passengers incurred as a result of cancellation, delay or interruption of any flight on which a passenger holds confirmed reservations. Passengers will be informed of the available amenities when a delay is expected to exceed 4 hours.
>
> 1) Hotel Rooms - HA will provide one-night's lodging at accommodation selected by HA when a passenger's delay is expected to exceed 4 hours and extend into the period 10:00 pm through 6:00 am, and no scheduled alternate transportation is available to the passenger's destination or stopover point. HA will not provide lodging for passengers who reside in the city where the interruption occurs.
>
> 2) Meals - Passengers will be furnished one meal voucher if the delay will extend beyond the four (4) hours. []
>
> 3) Local Ground Transportation will be provided to the downtown area or from/to local hotel whichever is applicable.
>
> 4) Communications - One long distance telephone call will be allowed between any two points in the United States.

5) In lieu of the above, and subject to passenger's approval, HA will compensate the passenger with credit valid for the purchase of transportation. []

\* \* \* \*

**EXCEPTION 3**:  The services and amenities described above will not be provided for flight interruption, cancellation or delay caused by acts of God, riots, civil commotions, government embargoes or regulations, wars, hostilities, disturbances, **adverse weather conditions**, labor disputes, air traffic congestion, airport closure or interline misconnection due to delay of other carriers.

Tariff No. 240(D) (emphasis added)

19.    The column entitled "Comments" on the schedule attached as Exhibit B identifies the specific defect(s) for each No Basis Claim.  Accordingly, the Reorganized Debtor requests that the Court disallow and expunge the No Basis Claims.

**D.    The Employee Benefits Claims**

20.    The Reorganized Debtor's review of the Disputed Claims indicates that, as reflected on Exhibit D, certain of the Employee Benefits Claims have either been satisfied or will be satisfied in the ordinary course of the Reorganized Debtor's business.  Other Employee Benefits Claims represent the assertion of claims by employees with respect to benefits provided under collective bargaining agreements with the Debtor such as pension claims.  Such claims are properly asserted by the PBGC.  Although, the PBGC had initially asserted claims on their

behalf, those claims were later withdrawn by stipulation (the "PBGC Stipulation")

[Docket No. 3922]. The PBGC Stipulation provides that the PBGC's claims are

deemed withdrawn, and that

> [n]othing in this Stipulation or in the Joint Plan shall
> affect any liability of the Debtor to the Pension Plans or
> PBGC, including liability for unpaid premiums and
> minimum funding obligations, and the rights and
> remedies of the Pension Plans and PBGC with respect to
> such liability shall not be affected in any way under this
> Stipulation or the Joint Plan, including discharge or
> release.

PBGC Stipulation, at 2.

21. In any event, the Trustee reached agreements with the Debtor's unions

to ratify agreements for future services and assumed liabilities for past services,

thus leaving no basis for a claim.

22. The Reorganized Debtor's review of the Disputed Claims also

indicates that, as reflected on Exhibit D, certain of the Employee Benefits Claims

have been satisfied pursuant to this Court's Order [Docket No. 2935] authorizing

payment of the 10% deferred wages from 2001 relating to pre-petition services

performed by the pilots. Certain of the claimants have asserted claims for payment

of 14% of deferred wages for services from the same period. The Reorganized

Debtor is currently resolving this grievance through arbitration with the Air Lines

Pilots Association, International ("ALPA"). Through this Fourth Omnibus

Objection, the Reorganized Debtor seeks disallowance of those claims without

prejudice to ALPA's resolution of the differential through arbitration.

23.     Finally, the Employee Benefits Claims also include the proofs of claim [Claim Nos. 604, 681, 730, and 781] filed by the ALPA, the Association of Flight Attendants (the "AFA"), and the International Association of Machinists and Aerospace Workers (clerical and mechanics) (collectively, the "IAM"). These claims are based on (i) vacation and related employee benefits, which the Reorganized Debtor is maintaining in the ordinary course its business; and/or (ii) matters that are being resolved through the grievance process set forth in the applicable collective bargaining agreement. The Reorganized Debtor seeks to disallow each of these claims without prejudice to the unions' ability to resolve the grievances through the procedures outlined in their respective collective bargaining agreements.

24.     The column entitled "Comments" on the schedule attached as Exhibit D identifies the specific basis for objecting to each Employee Benefits Claim. Accordingly, the Reorganized Debtor requests that the Court disallow and expunge the Employee Benefits Claims.

## RESERVATION OF RIGHTS

25.     To the extent that this Fourth Omnibus Objection is not granted with respect to any particular Disputed Claim, the Reorganized Debtor reserves all rights to object to any and all of the Disputed Claims on grounds not set forth in this Fourth Omnibus Objection. This Fourth Omnibus Objection is based upon the Reorganized Debtor's preliminary review of the Disputed Claims and the

Reorganized Debtor's determination that the grounds for objection set forth above should constitute adequate grounds for the relief requested by this Fourth Omnibus Objection. The Reorganized Debtor has not fully analyzed the merits of each of the Disputed Claims and, to the extent that this Fourth Omnibus Objection is overruled with respect to any particular Disputed Claim, other grounds for objection to such claim may exist. The Reorganized Debtor, therefore, reserves all rights to object to any such claims, as well as to the claims identified as Remaining Claims on the various Exhibits to this Motion.

## CONCLUSION

WHEREFORE, the Reorganized Debtor respectfully requests that the Court grant the relief requested in this Fourth Omnibus Objection and grant such other and further relief as is just and proper.


Dated: August 31, 2005
Honolulu, Hawaii

/s/ Tom E. Roesser
CARLSMITH BALL LLP
TOM E. ROESSER
KATHERINE G. LEONARD

HENNIGAN, BENNETT & DORMAN LLP
BRUCE BENNETT
SIDNEY P. LEVINSON
JOSHUA M. MESTER
JOHN L. JONES, II

Counsel for Reorganized Debtor

# EXHIBIT A

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection | Remaining Claim |
|---|---|---|---|---|---|---|---|---|---|
| Arizona Dept Of Revenue<br>Attn Bankruptcy Litigation Division<br>1600 West Monroe<br>Phoenix, AZ 85007 | 997 | 12/20/04 | $76,350.00 | PU | Amended by Claim No 1000. | Expunge | A | Fourth | Claim No. 1000 |
| AWMS 1<br>Attn: Sheldon L Solow<br>Kaye Scholer LLC<br>70 W Madison St<br>Ste 4100<br>Chicago, IL 60602 | 116 | 06/27/03 | $110,066,946.00 | U | Amended by Claim No 972. | Expunge | A | Fourth | Claim No. 972 |
| AWMS 1<br>Attn: Sheldon L Solow<br>Kaye Scholer LLC<br>70 W Madison St<br>Ste 4100<br>Chicago, IL 60602 | 971 | 06/27/03 | $110,066,946.00 | U | Duplicate of Claim No 116, which was further amended by Claim No 972. | Expunge | A | Fourth | Claim No. 972 |
| Bank Of Hawaii<br>Attn: Susan Tius Esq.<br>Rush Moore Craven Sutton Morry & Beh<br>737 Bishop St Ste 2400<br>Honolulu, Hi 96813 | 703 | 01/23/04 | $6,361,730.06 | S | Amended by proof of claim filed on August 23, 2005. | Expunge | A | Fourth | Claim No. 1010 |
| Bureau of Customs and Border Protection<br>Attn: Authorized Officer<br>6026 Lakeside Blvd<br>Po Box 68911<br>Indianapolis, IN 46268 | 959 | 03/16/04 | $420,859.72 | SPU | Amended by Claim No 976. | Expunge | A | Fourth | Claim No. 976 |
| Casey, Paul<br>Attn: Paul Alston, Esq.<br>Alston Hunt Floyd & Ing<br>ASB Tower, 18th Floor<br>1001 Bishop St<br>Honolulu, HI 96813 | 951 | 02/17/04 | $922,893.45 | PU | Amended by Claim No 984, which has been resolved through assumption and cure of the underlying contract as amended. | Expunge | A | Fourth | Claim No. 984 |
| CBIZ Valuation Inc.<br>c/o CBIZ Valuation Group, Inc.<br>Attn: Authorized Officer<br>4851 LBJ Freeway, 8th Floor<br>Dallas, TX 75244 | 946 | 03/04/04 | $111,427.52 | U | Amended by Claim No 996. | Expunge | A | Fourth | Claim No. 996 |

S - Secured
P - Priority
U - Unsecured

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection | Remaining Claim |
|---|---|---|---|---|---|---|---|---|---|
| Happ, John B<br>Attn: Louise K Y Ing Esq<br>D S Matsuda Esq<br>Alston Hunt Floyd & Ing<br>ASB Tower, 18th Floor<br>1001 Bishop St<br>Honolulu, HI 96813 | 908 | 01/26/04 | $437,277.91 | PU | Amended by Cliam No 986, and further amended by Claim No. 987, which has been resolved by settlement [Docket No. 5133]. | Expunge | A | Fourth | Claim No. 987 |
| Happ, John B<br>Attn: Louise K Y Ing Esq<br>D S Matsuda Esq<br>Alston Hunt Floyd & Ing<br>ASB Tower, 18th Floor<br>1001 Bishop St<br>Honolulu, HI 96813 | 986 | 10/01/04 | $441,923.14 | PU | Amended by Claim No 987, which has been resolved by settlement [Docket No. 5133]. | Expunge | A | Fourth | Claim No. 987 |
| Holiday Inn Select Seattle Renton<br>Attn: Authorized Officer<br>1 S Grady Way<br>Renton, Wa 98055-2500 | 1002 | 06/17/05 | $58,844.95 | U | Duplicate of Claim No. 405, which was amended to $58,844.95 and allowed per order dated 7/27/2005 [Docket No. 5319]. | Expunge | A | Fourth | Claim No. 405 |
| Lax Two Corp<br>Attn: Eric J Fromme Esq<br>Gibson Dunn & Crutcher Llp<br>4 Park Plz Ste 1400<br>Irvine, CA 92614 | 682 | 01/22/04 | $45,325.44 | U | Replaced by Claim No 979. | Expunge | A | Fourth | Claim No. 979 |
| Mercury Air Cargo, Inc.<br>Attn: Authorized Officer<br>5456 Mcconnell Ave<br>Los Angeles, Ca 90066 | 429 | 12/23/03 | $97,206.15 | S | Amended by Claim No 973. | Expunge | A | Fourth | Claim No. 973 |
| State Of Hawaii, Dept Of Taxation<br>Hawaii State Tax Collector<br>Attn: DS<br>P O Box 259<br>Honolulu, HI 96809 | 962 | 04/02/04 | $0.00 | P | Replaced by Claim No 990. | Expunge | A | Fourth | Claim No. 990 |
| The Port Of Portland<br>Attn: Barbara Jacobson<br>7000 NE Airport Way<br>3rd Floor<br>Portland, Or 97218 | 894 | 01/26/04 | $96,201.47 | U | Amended by Claim No 996. | Expunge | A | Fourth | Claim No. 996 |

| Total Amount of Asserted Claims: | $229,203,931.81 |
|---|---|

S - Secured
P - Priority
U - Unsecured

# EXHIBIT B

**EXHIBIT B**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| American Samoa Power Authority<br>Attn: Gwen Tauiliili-Langkilde<br>Po Box PPB<br>Pago Pago, AX  96799 | 610 | 01/20/04 | $4,566.94 | U | Claim exceeds amounts set forth in Reorganized Debtor's books and records. | Reduce to $2,188.29 | B | Fourth |
| CBIZ Valuation Group, Inc.<br>Attn: Authorized Officer<br>3030 LBJ Freeway, #1650<br>Dallas, TX 75244 | 991 | 11/05/04 | $135,744.49 | U | Indemnification provision does not include reimbursement for legal fees and expenses incurred as a third party witness. | Reduce to $0.00 and expunge. | B | Fourth |
| County Of Hawaii<br>Attn: Authorized Officer<br>Wastewater Divison<br>25 Aupuni St<br>Hilo,  HI  96720 | 889 | 01/26/04 | $141.45 | U | Claim exceeds amounts set forth in Reorganized Debtor's books and records. | Reduce to $88.00 | B | Fourth |
| Department Of Transportation<br>Attn: Samuel Podberesky<br>Asst General Counsel for Aviation and Proceedings<br>400 Seventh St SW<br>Rm 4116<br>Washington, DC 20590 | 1005 | 06/28/05 | $500,000.00 | PU | Claim exceeds amounts set forth in Reorganized Debtor's books and records. | Reduce to $100,000. | B | Fourth |

S - Secured
P - Priority
U - Unsecured

# EXHIBIT C

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Ahutotoa, Matatule<br>Po Box 2106<br>Pago Pago, AS 96799 | 945 | 02/19/04 | $2,500.00 | U | Claim filed after the claims bar date. | Expunge | C | Fourth |
| AIG Law Dept - Bankruptcy<br>Attn: David A Levin Esq<br>70 Pine St, 31st Fl<br>New York, NY 10270 | 883 | 01/26/04 | $0.00 | Unliquidated | Reorganized Debtor has continued all obligations due to claimant. | Expunge | C | Fourth |
| American Home Assurance Company<br>David A Levin, Esq.<br>70 Pine St 31st Fl<br>New York, NY 10270 | 1004 | 06/29/05 | no amount listed | P | Reorganized Debtor has maintained its obligations in the ordinary course. | Expunge | C | Fourth |
| Arizona Department Of Revenue<br>Attn: Authorized Officer<br>Bankruptcy Litigation Section<br>1600 West Monroe<br>Phoenix, AZ 85007 | 1000 | 05/09/05 | $350.00 | PU | Reorganized Debtor has filed appropriate tax returns showing no tax liability. | Expunge | C | Fourth |
| Ash, John<br>349 Northstar Dr.<br>Southington, CT 06489 | 380 | 12/15/03 | $296.00 | U | Asserts claim based on later change in ticket prices. Claimant has not provided any documentation in support of rationale. Claim was not timely submitted within the guidelines of Tariff 95(A). | Expunge | C | Fourth |
| Aston Executive Centre Hotel<br>Attn: Authorized Officer<br>2155 Kalakaua Ave Suite 500<br>Honolulu, HI 96815 | 802 | 01/26/04 | $107.49 | U | Amount claimed exceeds amount set forth in Reorganized Debtor's books and records. No record of claimant. | Expunge | C | Fourth |
| Aston Waikiki Beach Hotel<br>Attn: Authorized Officer<br>PO Box 30370<br>Honolulu, HI 96820 | 793 | 01/26/04 | $4,898.07 | U | Amount claimed exceeds amount set forth in Reorganized Debtor's books and records. No record of claimant. | Expunge | C | Fourth |
| Australian Securities & Investments Comm<br>Attn Garry Cedric Pritchard<br>Emil Ford & Co Lawyers<br>580 George St Ste 4<br>Level 5 Sydney NSW 2000 | 504 | 01/05/04 | 1,680 AUD | U | Pursuant to First Day Orders, Reorganized Debtor has continued to pay all Foreign Vendors in the ordinary course. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

EXHIBIT C

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Balog, Jeanne<br>425 Noe St.<br>Hilo, HI 96720 | 944 | 01/26/04 | $40.00 | U | Asserts claim for refund of service fee ($10 per ticket). Claimant is not entitled to refund of service fee, and has provided no basis for the refund. | Expunge | C | Fourth |
| Banque De Tahiti<br>Attn: Authorized Officer<br>Po Box 1602<br>Papeete Tahiti<br>French Polynesia | 785 | 01/23/04 | $52,836.44 | S | Pursuant to First Day Orders, Reorganized Debtor has continued to pay all Foreign Vendors in the ordinary course. | Expunge | C | Fourth |
| Belinda, Miranda<br>59-657 Alapio Rd<br>Haleiwa, HI 96712 | 517 | 01/12/04 | $3,304.56 | U | Asserts claim based on post-petition charges | Expunge | C | Fourth |
| Boyd Travel Inc<br>Attn: Poli & Ball PLC<br>2999 N 44th St Ste 500<br>Phoenix, AZ 85018 | 761 | 01/23/04 | $117,269.27 | U | No supporting documentation to substantiate or otherwise describe claim. No record of claimed amount in Reorganized Debtor's books and records. | Expunge | C | Fourth |
| Butrum, Kraig M<br>1672b Beekman Place NW<br>Washington, DC 20009-6540 | 992 | 11/09/04 | $116.44 | U | No supporting documentation to substantiate or otherwise describe claim. | Expunge | C | Fourth |
| Buxman, Charles D.<br>Law Office of Andre Wooten<br>Attn: Andre Wooten, Esq.<br>Century Square, Ste 1909<br>1188 Bishop Street<br>Honolulu, HI 96813 | 348 | 12/10/03 | $76,000.00 | U | Claim was estimated at an amount not to exceed $76,000 [Docket Nos. 3707, 3708]. Reorganized Debtor filed a motion for summary judgment in the United States District Court for the District of Hawaii, which was granted on March 2, 2005 [CV 01-0063, Docket No. 91].<br>No remaining basis for claim. | Expunge | C | Fourth |
| Caspillo, Raymond & Carol<br>Attn: William W Saunders Jr<br>Bickerton Saunders & Dang<br>3 Waterfront Plz #500<br>500 Ala Moana Blvd<br>Honolulu, HI 96813 | 68 | 05/12/03 | $75,000.00 | U | Claim has been resolved by stipulation [Docket No. 1072]. Claimant is precluded from participating in Debtor's estate. | Expunge | C | Fourth |
| Caughell, Robert<br>29296 Harpoon Way<br>Hayward, CA 94544 | 630 | 01/20/04 | $116.40 | U | No supporting documentation to substantiate or otherwise describe claim. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

EXHIBIT C

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| CIT Communications Finance Corp. f/k/a AT&T Credit Corp. Attn: Bankruptcy Department 1 CIT Drive, Suite 4104A Livingston, NJ 07039 | 409 | 12/16/03 | $3,817.74 | U | Claimed amount exceeds amount set forth in Reorganized Debtor's books and records. Reorganized Debtor has paid amounts due pursuant to agreement. | Expunge | C | Fourth |
| Collins, Ruth c/o El Camino Publishing 149 Los Vientos Dr Newbury Park, CA 91320 | 201 | 11/24/03 | $350.00 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). No supporting documentation to substantiate claim. | Expunge | C | Fourth |
| County Of Hawaii Department Of Finanace Treasury Division 101 Pauahi Street Suite 5 Hilo, HI 96720 | 820 | 01/23/04 | $757.18 | SU | Claim has been paid | Expunge | C | Fourth |
| County Of Kauai Real Property Tax Collection 4444 Rice St. Ste 463 Lihue, HI 96766 | 552 | 01/16/04 | $7,743.17 | U | Reorganized Debtor has paid pre-petition amounts due. | Expunge | C | Fourth |
| County Of San Bernardino Office Of The Tax Collector 172 W 3rd St San Bernardino, CA 92415 | 559 | 01/16/04 | $2,677.86 | U | Reorganized Debtor has paid pre-petition amounts due. | Expunge | C | Fourth |
| Dept Of Revenue, State Of Oregon Attn Kimberly Lively Bankruptcy Tech Revenue Bldg 955 Center St NE Salem, OR 97301 | 999 | 04/04/05 | $17,823.89 | PU | Claim has been paid | Expunge | C | Fourth |
| Emil Ford & Co. Attn: Garry Cedric Pritchard Suite 4, Level 5 580 George Street Sydney NSW 2000, Australia | 465 | 01/05/04 | $951.22 | U | Pursuant to First Day Orders, Reorganized Debtor has continued to pay all Foreign Vendors in the ordinary course. | Expunge | C | Fourth |
| Finerman, Cynthia K 16590 Via Floresta Pacific Palisades, CA 90272 | 614 | 01/20/04 | $923.65 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). No supporting documentation to substantiate claim. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Ford Motor Credit Company<br>Attn: Cuyler Shaw<br>Ashford & Wriston LLLP<br>PO Box 131<br>Honolulu, HI 96810 | 40 | 05/19/03 | $16,116.70 | SU | Reorganized Debtor has maintained, and will continue to maintain, its obligations pursuant to the agreement in the ordinary course. | Disallow | C | Fourth |
| Ford Motor Credit Company<br>Attn: Cuyler Shaw<br>Ashford & Wriston LLLP<br>PO Box 131<br>Honolulu, HI 96810 | 41 | 05/19/03 | $16,116.70 | SU | Unliquidated Claim.  Reorganized Debtor has maintained, and will continue to maintain, its obligations pursuant to the agreement in the ordinary course. | Disallow | C | Fourth |
| Ford Motor Credit Company<br>Attn: Cuyler Shaw<br>Ashford & Wriston LLLP<br>PO Box 131<br>Honolulu, HI 96810 | 42 | 05/19/03 | $16,116.70 | SU | Unliquidated Claim.  Reorganized Debtor has maintained, and will continue to maintain, its obligations pursuant to the agreement in the ordinary course. | Disallow | C | Fourth |
| Ford Motor Credit Company<br>Attn: Cuyler Shaw<br>Ashford & Wriston LLLP<br>PO Box 131<br>Honolulu, HI 96810 | 43 | 05/19/03 | $16,116.70 | SU | Unliquidated Claim.  Reorganized Debtor has maintained, and will continue to maintain, its obligations pursuant to the agreement in the ordinary course. | Disallow | C | Fourth |
| Ford Motor Credit Company<br>Attn: Cuyler Shaw<br>Ashford & Wriston LLLP<br>PO Box 131<br>Honolulu, HI 96810 | 44 | 05/19/03 | $24,725.86 | SU | Unliquidated Claim.  Reorganized Debtor has maintained, and will continue to maintain, its obligations pursuant to the agreement in the ordinary course. | Disallow | C | Fourth |
| Ford Motor Credit Company<br>Attn: Cuyler Shaw<br>Ashford & Wriston LLLP<br>PO Box 131<br>Honolulu, HI 96810 | 45 | 05/19/03 | $22,529.86 | SU | Unliquidated Claim.  Reorganized Debtor has maintained, and will continue to maintain, its obligations pursuant to the agreement in the ordinary course. | Disallow | C | Fourth |
| Ford Motor Credit Company<br>Attn: Cuyler Shaw<br>Ashford & Wriston LLLP<br>PO Box 131<br>Honolulu, HI 96810 | 46 | 05/19/03 | $22,529.85 | SU | Unliquidated Claim.  Reorganized Debtor has maintained, and will continue to maintain, its obligations pursuant to the agreement in the ordinary course. | Disallow | C | Fourth |
| Ford Motor Credit Company<br>Attn: Cuyler Shaw<br>Ashford & Wriston LLLP<br>PO Box 131<br>Honolulu, HI 96810 | 47 | 05/19/03 | $16,474.73 | SU | Unliquidated Claim.  Reorganized Debtor has maintained, and will continue to maintain, its obligations pursuant to the agreement in the ordinary course. | Disallow | C | Fourth |

S - Secured
P - Priority
U - Unsecured

EXHIBIT C

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Garliepp, Shawne<br>1544 Akahele Pl.<br>Kailua, HI 96734 | 828 | 01/23/04 | $0.00 | U | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| GAT Airline Ground Support<br>Attn: Mark Doggett<br>PO Box 88029<br>Mobile, AL 36608 | 789 | 01/26/04 | $395.87 | U | Asserts claim based on post-petition charges | Expunge | C | Fourth |
| GAT Airline Ground Support<br>Attn: Mark Doggett<br>PO Box 88029<br>Mobile, AL 36608 | 791 | 01/26/04 | $395.87 | U | Asserts claim based on post-petition charges | Expunge | C | Fourth |
| General Services Administration<br>Federal Supply Service<br>Audit Division<br>1800 F St NW<br>Washington, DC 20405 | 527 | 01/12/04 | $3,617.10 | U | Reorganized Debtor has paid pre-petition amounts due. | Expunge | C | Fourth |
| Gilman, Clark L.<br>209 S Prospect Ave, Apt 103<br>Redondo Beach, CA 90277 | 485 | 01/07/04 | $10,699.45 | U | Asserts claim for accrued vacation which was paid pursuant to court order in February 2004. | Expunge | C | Fourth |
| Global Travel Services, Inc<br>d/b/a Travel Solutions<br>One World Trade Center Ste 101<br>Long Beach, CA 90831 | 28 | 04/24/03 | $59,000.00 | U | Claimed amount exceeds amount set forth in Reorganized Debtor's books and records. Reorganized Debtor is maintaining flight coupons in accordance with their terms. | Reduce to $0 and expunge without prejudice to use of flight coupons in ordinary course of business. | C | Fourth |
| Goody, Ann<br>75-809 Keaolani Dr<br>Kailua-Kona, HI 96740 | 12 | 04/22/03 | $1,393.64 | U | Claim is based on flight delay due to weather. Tariff 240(D) excludes the Reorganized Debtor from liability for this type of claim. Claim is made by non-passenger on behalf of non-minor passenger. Claim was not timely submitted within the guidelines of Tariff 95(A). Claimant was provided a transportation credit order in the amount of $100. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

EXHIBIT C

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Graham, Hunter S.<br>5565 Sw Menefee Drive<br>Portland, OR 97239 | 307 | 12/02/03 | $374.00 | U | Claim is based on flight delay due to weather. Tariff 240(D) excludes the Reorganized Debtor from liability for this type of claim. | Expunge | C | Fourth |
| Grueninger Tours<br>8580 Cedar Pl, Suite 116<br>Indianapolis, IN 46240 | 320 | 12/01/03 | $10,000.00 | P | Claimant appears to be asserting a claim on a postpetition security deposit in the amount of $10,000 on 6/5/03. No basis in law for priority status for security deposit. | Expunge | C | Fourth |
| Hamakua Macadamia Nut Company<br>PO Box 44715<br>Kamuela, HI 96743 | 812 | 01/26/04 | $11,903.93 | U | Asserts claim for goods and services that Debtor disputes. | Expunge | C | Fourth |
| Happ, John B<br>Attn: Louise K Y Ing Esq<br>D S Matsuda Esq<br>Alston Hunt Floyd & Ing<br>ASB Tower, 18th Floor<br>1001 Bishop St<br>Honolulu, HI 96813 | 987 | 10/08/04 | $441,923.14 | PU | Resolved by settlement agreement. [Docket No. 5133]. | Expunge | C | Fourth |
| Hartford Fire Insurance Company<br>Hartford Plazatower A T-1-55<br>Hartford, CT 06115 | 602 | 01/20/04 | $0.00 | Unliquidated | Reorganized Debtor has continued all obligations due to claimant. | Expunge | C | Fourth |
| Ho, Carolyn<br>46-149 Meheanu Loopapt 3153<br>Kaneohe, HI 96744 | 495 | 01/07/04 | $2,828.00 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). No supporting documentation to substantiate claim. | Expunge | C | Fourth |
| Ho, Nancy<br>c/o Bruce B. Kim, Esq.<br>One Kapiolani Bldg<br>600 Kapiolani Blvd., Ste. 206<br>Honolulu, HI 96813 | 881 | 01/23/04 | Unliquidated | U | Claim has been resolved by stipulation [Docket No. 3499]. Claimant is precluded from participating in Debtor's estate. | Expunge | C | Fourth |
| Internaional Lease Finance Corp. ILFC<br>c/o Watanabe Ing Kawashima & Komeiji LLP<br>Attn Wayne K. T. Mau, Esq.<br>999 Bishop Street, 23rd Floor<br>Honolulu, HI 96813-4423 | 904 | 01/26/04 | no amount listed | SU | Reorganized Debtor has assumed the leases underlying this claim and has continued to perform its obligations in the ordinary course. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Isomedia Inc.<br>2457 152nd Ave NE<br>Redmond Wa 98052 | 354 | 12/09/03 | $955.00 | U | Claimed amount exceeds amount set forth in Reorganized Debtor's books and records. Invoices have been waived. | Expunge | C | Fourth |
| Isomedia Inc.<br>2457 152nd Ave NE<br>Redmond Wa 98052 | 1001 | 12/09/03 | $955.00 | U | Claimed amount exceeds amount set forth in Reorganized Debtor's books and records. Invoices have been waived. | Expunge | C | Fourth |
| Jones, Martin<br>Po Box 30080<br>Honolulu, HI 96820 | 256 | 11/25/03 | $0.00 | U | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. Also asserts an equity interest in Hawaiian Holdings, Inc. Equity interest will remain intact pursuant to the Joint Plan. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| King County Treasury Operations<br>Attn: Authorized Officer<br>King County Administration<br>Bldg 500<br>Fourth Ave, Rm #600<br>Seattle, WA 98104 | 232 | 11/28/03 | $55,434.88 | U | Claim includes post-petition interest in the amount of $555.21. The remaining $54,879.67 was paid by check #214206 dated 1/31/05. | Expunge | C | Fourth |
| Kittle, Kristina<br>2848 Calle Guadalajara<br>San Clemente, CA 92673 | 457 | 12/31/03 | $1,774.40 | PU | Asserts claim for lost vouchers. Travel vouchers state that they have no monetary value and will not be replaced if lost or stolen. No basis in law for priority status. | Expunge | C | Fourth |
| Kitty Hawk Cargo Inc.<br>Attn: Authorized Officer<br>PO Box 612787<br>1515 W 20th St<br>Dallas, TX 75261 | 763 | 01/23/04 | $22,020.05 | U | Claimant has agreed to withdraw clam against debtor. | Expunge | C | Fourth |
| Kitty Hawk Cargo Inc.<br>Attn: Kevin Craig<br>P.O. Box 612787<br>1535 W 20th St<br>DFW Intl Airport, TX 75261 | 919 | 01/28/04 | $12,406.00 | U | Claim appears to be based on Year 2000 IATA billings that have since been cancelled. Claimant has not provided documentation to support accounts receivable schedule included with claim. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

EXHIBIT C

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Lee, Yvonne P.<br>1871 Halekoa Dr<br>Honolulu, HI 96821 | 964 | 05/14/04 | $0.00 | U | Claim does not assert an amount. No supporting documentation to substantiate or otherwise describe claim. | Expunge | C | Fourth |
| M Le Comptable Secondaire Du Baac<br>Service Administratif/Seac<br>P O Box 6404<br>Faaa Airport 98702<br>French Polynesia | 873 | 01/26/04 | $11,996.21 | U | Pursuant to First Day Orders, Reorganized Debtor has continued to pay all Foreign Vendors in the ordinary course. | Expunge | C | Fourth |
| Macdonald, Thomas<br>5417 Indian River Dr<br>Vancouver Bc V7g 2t7 Canada | 494 | 01/07/04 | $1,608.60 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). In addition, claimant was placed on a subsequent flight and made connecting flight to Vancouver. | Expunge | C | Fourth |
| Mahuka, Margaret<br>Gattn Cahill & Oneill<br>2233 Vineyard St Ste D<br>Wailuku, HI 96793 | 143 | 09/02/03 | $22,500.00 | U | Claim has been resolved by stipulation [Docket No. 1301]. Claimant is precluded from participating in Debtor's estate. | Expunge | C | Fourth |
| Makaha Sons Inc<br>Po Box 1246<br>Waianae, HI 96792 | 901 | 01/26/04 | $929.95 | U | Claim was not submitted within the guidelines of Tariffs 95(A) and 230(I). Claim does not include documentation supporting claim amount. | Expunge | C | Fourth |
| Manu, Talia<br>208 O St<br>Tumwater, Wa 98501 | 364 | 12/11/03 | $8,000.00 | U | Reorganized Debtor is unable to identify claimant as an employee. No documentation or supporting detail to substantiate claim amount. | Expunge | C | Fourth |
| Marv Rohrer<br>Po Box 160<br>Lawai, HI 96765 | 540 | 01/19/04 | $2,000.00 | U | Claim is based on assertion of loss of jewelry. Tariff 230(B)(3) excludes the Reorganized Debtor from liability for this type of claim. | Expunge | C | Fourth |
| Matatule-Samuelu, Lipena<br>P O Box 2106<br>Pago Pago, As 96799 | 921 | 01/28/04 | $2,187.90 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). No supporting documentation to substantiate claim. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Mcallister, Dan<br>Treasurer - Tax Collector<br>San Diego County<br>Attn: Bankruptcy Desk<br>1600 Pacific Highway Rm 162<br>San Diego, CA 92101 | 857 | 01/26/04 | $368,785.65 | U | Reorganized Debtor has paid pre-petition amounts due. | Expunge | C | Fourth |
| Mckeown, Dan<br>7620 Jaguar Pl.<br>Boardman, OHh 44512 | 548 | 01/15/04 | $380.64 | U | Asserts claim based on post-petition charges | Expunge | C | Fourth |
| Michael Mccrory<br>4719 110th Ave Ne<br>Kirkland, WA 98033 | 876 | 01/26/04 | $316.75 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). No supporting documentation to substantiate claim. | Expunge | C | Fourth |
| Moreira, Alain<br>23 Rte De Plabennec<br>29860 Kersaint - Plabennec<br>France | 936 | 02/03/04 | $5,000.00 | U | No supporting documentation to substantiate or otherwise describe claim. No record of claimed amount in Reorganized Debtor's books and records. | Expunge | C | Fourth |
| Multnomah County<br>Attn: Authorized Officer<br>Po Box 2716<br>Portland, Or 97208 | 313 | 12/01/03 | $5,033.13 | U | Reorganized Debtor has paid amounts due. | Expunge | C | Fourth |
| Municipality Of Anchorage<br>Dept Of Law<br>PO Box 196650<br>Anchorage, AK 99519 | 95 | 06/08/03 | $1,176.13 | SU | Withdrawn 12/16/04 | Expunge | C | Fourth |
| Municipality Of Anchorage<br>Dept Of Law<br>PO Box 196650<br>Anchorage, AK 99519 | 982 | 09/13/04 | $9,453.95 | SPU | Withdrawn 12/16/04 | Expunge | C | Fourth |
| Muraoka, Beverly<br>1111 Puuopae Rd<br>Kapaa, HI 96746 | 697 | 01/22/04 | $0.00 | Unliquidated | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |

S - Secured
P - Priority
U - Unsecured

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Naliielua, Betty<br>1220 Palolo Ave.<br>Honolulu, HI 96816 | 747 | 01/23/04 | $250.00 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). No supporting documentation to substantiate claim. | Expunge | C | Fourth |
| Neighbors, David<br>16562 Thames Ln<br>Huntington Beach, CA 92647 | 526 | 01/12/04 | no amount listed | U | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| Nevada Dept Of Taxation<br>Attn: Bankruptcy Section<br>555 E Washington Ave Ste #1300<br>Las Vegas, NV 89101 | 805 | 01/23/04 | $10,371.20 | SPU | Withdrawn 1/04/05 [Docket No. 4044]. | Expunge | C | Fourth |
| Paden, Charlotte<br>608 Violet St<br>Modesto, CA 95356 | 338 | 12/08/03 | $3,000.00 | P | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| Paul Gunther As Plan Administrator For American Classic Voyages Co Et Al<br>c/o Hahn & Hessen LLP<br>Attn: Mark T Power Esq<br>488 Madison Ave<br>New York, Ny 10022 | 128 | 07/31/03 | $25,472.39 | U | Claimant appears to be asserting preference actions. Claim does not include support (e.g. a motion or related memorandum) for spreadsheet included with claim. | Expunge | C | Fourth |
| Pennsylvania Dept Of Revenue<br>Commonwealth Of Pennsylvania<br>Bankruptcy Division<br>Dept 280946<br>Harrisburg, PA 17128 | 90 | 06/13/03 | $12,086.96 | U | Claimed amount exceeds amount set forth in Reorganized Debtor's books and records. Reorganized Debtor has already paid the taxes due. | Expunge | C | Fourth |
| Petaia, Misikopa<br>Po Box 6379<br>Pago Pago, AS 96799 | 847 | 01/26/04 | $1,900.00 | U | No supporting documentation to substantiate or otherwise describe claim. No record of claimed amount in Reorganized Debtor's books and records. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Richardson, Timmy<br>98-630 Moanalua Loop<br>Apt 315<br>Aiea, HI 96701 | 366 | 12/11/03 | $600.00 | U | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| River City Delivery, Inc<br>Po Box 162167<br>Sacramento, CA 95816 | 213 | 11/26/03 | $24.00 | U | Asserts claim based on post-petition charges | Expunge | C | Fourth |
| RLI Insurance Company<br>Attn: Roy Die<br>8 Greenway Plz, Ste 400<br>Houston, TX 77046 | 155 | 09/18/03 | $260,000.00 | SU | Bond underlying the proof of claim has expired, and has not been renewed by Reorganized Debtor. | Expunge | C | Fourth |
| RRPF Engine Leasing US LLC<br>Rolls Royce & Partners Finance US LLC<br>c/o Harvey A. Strickon, Esq.<br>Paul, Hastings, Janofsky & Walker LLP<br>75 East 55th Street<br>First Floor<br>New York, NY 10022-3205 | 768 | 01/23/04 | no amount listed | Unliquidated | Reorganized Debtor has assumed the leases underlying this claim and has continued to perform its obligations in the ordinary course. | Expunge | C | Fourth |
| Sacramento County Tax Collector<br>Attn: Bankruptcy<br>700 H St Rm 1710<br>Sacramento, CA 95814 | 347 | 12/11/03 | $226.54 | U | Reorganized Debtor has paid amounts due. | Expunge | C | Fourth |
| San Antonio International Airport<br>Attn: Kevin Dolliolepfc Remittance<br>9800 Airport Blvd<br>San Antonio, TX 78216 | 811 | 01/26/04 | $0.00 | U | Reorganized Debtor has continued to pay all PFC charges. | Expunge | C | Fourth |
| San Diego County Treasurer-Tax Collector<br>Attn: Dan Mcallister, Bankruptcy Desk<br>1600 Pacific Highway Rm 162<br>San Diego, CA 92101 | 856 | 01/26/04 | $12,676.35 | U | Reorganized Debtor has paid pre-petition amounts due. | Expunge | C | Fourth |
| San Mateo County<br>Attn: Lee Buffington, Tax Collector<br>555 County Center, 1st Floor<br>Redwood City, CA 94063 | 983 | 09/07/04 | $14,612.84 | U | Reorganized Debtor has paid pre-petition amounts due. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

EXHIBIT C

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Sato, Earl<br>14613 SE 19th Pl<br>Bellevue, WA 98007 | 373 | 12/15/03 | no amount listed | Unliquidated | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| Schroeder, Debra<br>398 Auhea Pl<br>Honolulu, HI 96825 | 479 | 12/31/03 | no amount listed | PU | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| Sevaaetasi, Mafutaga<br>P O Box 2432<br>Pago Pago, AS 96799 | 941 | 02/11/04 | $526.00 | U | Asserts claim based on post petition charges | Expunge | C | Fourth |
| Shaffer, Carolyn<br>94-746 Lumiauau St. Apt. 3<br>Waipahu, HI 96797 | 851 | 01/26/04 | $814.65 | U | Asserts claim based on post-petition charges | Expunge | C | Fourth |
| SHRT<br>Attn: Authorized Officer<br>Po Box 50352<br>Papeete<br>Pyf, French Polynesia | 609 | 01/20/04 | $60,030.00 | U | Pursuant to First Day Orders, Reorganized Debtor has continued to pay all Foreign Vendors in the ordinary course. | Expunge | C | Fourth |
| Slocum, Frank<br>84-1021 Lahilahi St Apt1302<br>Waianae, HI 96792 | 297 | 12/03/03 | $150.00 | U | Supporting documentation does not support claim. The Department of Transportation investigaged and did not pursue a claim against the Reorganized Debtor. Claim does not include documentation supporting claim amount. | Expunge | C | Fourth |
| Smith, Carl<br>24020 Julia West<br>Derby, KS 67037 | 367 | 12/11/03 | $360.00 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). Claim does not include documentation supporting claim amount. | Expunge | C | Fourth |
| Societe D'equipement De Tahiti<br>Et Des Llesb.P. 177<br>Papeete, Tahiti,<br>French Polynesia | 887 | 01/26/04 | $7,871.05 | U | Pursuant to First Day Orders, Reorganized Debtor has continued to pay all Foreign Vendors in the ordinary course. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Spaeth, Jennifer<br>517 Kensington Rd<br>Norman, OK 73072 | 411 | 12/16/03 | $100.00 | U | Asserts claim based on post-petition charges | Expunge | C | Fourth |
| State Compensation Insurance Fund<br>Attn: Manuel E. Velasco<br>1275 Market Street #220<br>San Francisco, Ca 94103 | 980 | 08/23/04 | $269,575.69 | U | Claimed amount is post petition and will be paid in the normal course of business. | Expunge | C | Fourth |
| Stofleth, Vickey and Tom<br>c/o Ian L. Mattoch, Esq.<br>Pacific Guardian Center<br>737 Bishop St, Ste 1835<br>Honolulu, HI 96813 | 882 | 01/23/04 | $125,000.00 | U | Claim has been resolved by stipulation [Docket No. 1930]. Claimant is precluded from participating in Debtor's estate. | Expunge | C | Fourth |
| Taylor, Thomas<br>60 Walaka St Apt 4<br>Kihei, HI 96753 | 806 | 01/23/04 | $200,000.00 | U | Claim is based on assertion of loss of artistic items. Tariff 230(B)(3)(A) excludes the Reorganized Debtor from liability for this type of claim. Claim does not include documentation supporting claim amount. | Expunge | C | Fourth |
| Texeira, John<br>P.O. Box 181<br>Keaau, HI 96749-0181 | 978 | 12/04/03 | no amount listed | U | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| Tresorerie Des Iles Du Ventd'hygiene<br>Attn: Authorized Officer<br>Papeete Ppt,<br>French Polynesia | 937 | 02/06/04 | $211,769.60 | P | Asserts claim that predates 1993 chapter 11 filing. | Expunge | C | Fourth |
| Trip Network Inc.<br>c/o Yasmyne C. Laverty, Esq.<br>P.O. Box 1945<br>Morristown, NJ 07962 | 914 | 01/27/04 | $5,395.86 | U | Claim filed after the claims bar date. | Expunge | C | Fourth |
| United States Fire Insurance Company<br>T/A Crum & Forster<br>Attn James V Kraus Esq<br>305 Madison Ave<br>Box 1973<br>Morristown, NJ 07962 | 745 | 01/23/04 | $0.00 | Unliquidated | Reorganized Debtor has continued all obligations due to claimant. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| University Of Hawaii Manoa<br>2600 Campus Road<br>Campus Center Complex<br>Honolulu, HI 96822 | 869 | 01/26/04 | $242,506.95 | U | Asserts claim for Hawaiian Miles program. Reorganized Debtor is maintaining all aspects of this program. | Expunge without prejudice to use of frequent flyer miles in the ordinary course of business. | C | Fourth |
| US Department Of Homeland Security<br>Office Of The Principal Legal Advisor<br>Attn: William C Harlow, Assoc. General Counsel<br>70 Kimball Ave - Room 139<br>South Burlington, VT 05403 | 414 | 12/15/03 | $70,118.80 | U | Claimed amount exceeds amount set forth in Reorganized Debtor's books and records. Reorganized Debtor has paid pre-petition amounts due. | Expunge | C | Fourth |
| US Dept Of Agriculture (APHIS)<br>Attn: Deborah J Redpath Legal Admin Spec<br>100 N 6th Str<br>Butler Sq W 5th Fl<br>Minneapolis, MN 55403 | 803 | 01/23/04 | $53,789.50 | U | Reorganized Debtor has paid pre-petition amounts due. | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

EXHIBIT C

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| US EEOC<br>Attn: Authorized Officer<br>Prince Kuhio Federal Bldg<br>300 Ala Moana Blvd Rm 7-127<br>PO Box 50082<br>Honolulu, HI 94850 | 770 | 01/23/04 | $0.00 | U | Reorganized Debtor will continue to address EEOC claims in the ordinary course of business. | Expunge | C | Fourth |
| US EEOC<br>Attn: Authorized Officer<br>Prince Kuhio Federal Bldg<br>300 Ala Moana Blvd Rm 7-127<br>PO Box 50082<br>Honolulu, HI 94850 | 771 | 01/23/04 | $0.00 | U | Claim has been withdrawn pursuant to letter dated 3/18/04. | Expunge | C | Fourth |
| Werbin, Irwin<br>Five Stauber Dr<br>Plainview, NY 11803 | 628 | 01/20/04 | $100.00 | U | Claim was not timely submitted within the guidelines of Tariff 95(A). No supporting documentation to substantiate claim. | Expunge | C | Fourth |
| Westfield Capital Management LLC<br>Attn: Kathy Balestrieri<br>One Financial Center, 24th Floor<br>Boston, MA 02111 | 1009 | 06/27/05 | $91,733.81 | PU | Asserts claim against Aloha Airlines, Inc. | Expunge | C | Fourth |
| Windward Hawaii Travel Agency Inc.<br>Attn: Authorized Officer<br>46-005 Kawa St Suite 205<br>Kaneohe, HI 96744 | 714 | 01/23/04 | $1,600.00 | U | Asserts claim based on post-petition charges | Expunge | C | Fourth |

S - Secured
P - Priority
U - Unsecured

**EXHIBIT C**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Xerox Engineering Systems Inc. Attn: Authorized Officer 300 Main Street Suite 27d East Rochester, NY 14445 | 30 | 04/28/03 | $320.25 | U | Reorganized Debtor unable to substantiate documentation included with claim. Reorganized Debtor does not have offices in Maryland, and the number [(585) 383-7683] included with the proof of claim is not in service. No record of claimed amount in Reorganized Debtor's books and records. | Expunge | C | Fourth |

| | |
|---|---|
| Total Amount of Asserted Claims:[1] | $3,278,295.67 |

1. Total includes 1680 AUD [Claim No. 504] converted to $1,261.51 as of 8/29/2005.

S - Secured
P - Priority
U - Unsecured

# EXHIBIT C-1

HAWAIIAN AIRLINES

Help/FAQ    Sitemap    HAWAIIANMILES    Access

Voted best airline to Hawaii. More

Reservations | Flight Schedule/Info | Special Offers | HawaiianMiles | Programs/Services | About Us

▼ Contract of Carriage

View Entire Document

Acceptance of Children

Airport Lounge Facilities

Application of Tariff

**Baggage**
Animals
Baggage (General)
Baggage Liability
Cabin-Seat Baggage
Checked and Carry-on Baggage
Excess Baggage Charges
Free Baggage Allowances
Special Items

Claims
Customer Advocate Issues
Definitions
Denied Boarding Compensation
Dogs
Electronic Surveillance
Emergency Situation

**Fares and Routings General**
Application of Fares
Circle-Trip Fares
Currency
Minimum Fares
Round-Trip Fares
Routings
Stopovers

Flight Delays/Cancellations (Confirmed Passengers)
Flight Delays/Cancellations (Stand-By Passengers)
Oxygen Service
Passports and Visas

**Refunds**
Foreign Currency Refunds
Involuntary Refunds

## Contract of Carriage : Rule 95

### CLAIMS

A) **Time Limitations**. No action shall be maintained for any loss of, or damage to, or any delay in the delivery of, any property, baggage, or on any other claim (except for personal injury or death), arising out of or in connection with transportation of, or failure to transport any passenger, property or baggage unless notice of the claim is presented in writing to an office of the carrier participating in this rule alleged to be responsible therefor within 30 days after the alleged occur-rence of the events giving rise to the claim, and unless the action is commenced within one (1) year after such alleged occurrence. Any written notification received by the carrier within 30 days which informs the carrier of the nature of the claim is sufficient to meet the requirements for timely notice. Failure to give the above notice shall not be a bar if the claimant can show good cause for his failure to bring his claim within 30 days.

B) **Preliminary Notice**. In the case of allegedly missing, delayed or damaged baggage, the provisions in (A) will apply, except that preliminary notice of loss, delay or damage must be submitted to HA, in writing at the airport, within four (4) hours after arrival of the flight on which the loss, delay or damage is alleged to have occurred. If the claimant fails to give notice within the given time limits, no action will lie against HA unless the claimant establishes to the satisfaction of HA that he/she was unable to give such notice.

C) **Overcharges**. In addition to the requirements in paragraph (A) above, no claims for overcharge shall be valid and no action shall be maintained thereon more than one year after date of sale of the ticket, unless such claim or action is accompanied by the passenger coupon portion of said ticket.

D) **Prompt Baggage Delivery**. HA's goal is to locate and return lost baggage to its owner within twenty-four (24) hours of it's owners arrival at their final destination. HA will make every effort to ascertain ownership and locate the owner for any unclaimed checked baggage. HA recommends all passengers attach their name, address and telephone number on the outside and inside of each piece of checked baggage. For protection of all passengers, baggage is subject to inspection. Medication, cameras, jewelry, travel documents, keys, and other important personal items should be in the passenger's possession and should not be placed in checked baggage.

Help/FAQ    Sitemap

HAWAIIAN AIRLINES

Voted best airline to Hawaii. More

HAWAIIANMILES    Access

Reservations | Flight Schedule/Info | Special Offers | HawaiianMiles | Programs/Services | About Us

▼ Contract of Carriage

View Entire Document

Acceptance of Children

Airport Lounge Facilities

Application of Tariff

**Baggage**
Animals
Baggage (General)
Baggage Liability
Cabin-Seat Baggage
Checked and Carry-on Baggage
Excess Baggage Charges
Free Baggage Allowances
Special Items

Claims
Customer Advocate Issues
Definitions
Denied Boarding Compensation
Dogs
Electronic Surveillance
Emergency Situation

**Fares and Routings General**
Application of Fares
Circle-Trip Fares
Currency
Minimum Fares
Round-Trip Fares
Routings
Stopovers

Flight Delays/Cancellations (Confirmed Passengers)
Flight Delays/Cancellations (Stand-By Passengers)
Oxygen Service
Passports and Visas

**Refunds**
Foreign Currency Refunds
Involuntary Refunds

## Contract of Carriage : Rule 240

### FLIGHT DELAYS/CANCELLATIONS (CONFIRMED PASSENGERS)

**A) GENERAL**
The provisions of this rule apply to a passenger who has a ticket and a confirmed reservation on a flight which he/she does not use for one of the reasons named below.

HA will make every attempt to notify passengers of any flight delays, cancellations or diversions as soon as any decision to make such a change is confirmed. On the day of departure, in either the airport or onboard the aircraft, HA employees will update passengers at minimum every twenty (20) minutes on the status of the flight.

**B) DEFINITIONS**
For the purpose of this rule, the following terms have the meaning indicated below:
1) **Comparable air transportation** means transportation provided by air carriers or foreign air carriers holding certificates of public convenience and necessity, or foreign permits.

2) **Connecting point** means a point to which a passenger holds or held confirmed space on a flight of one carrier and out of which the passenger holds or held confirmed space on a flight of the same or another carrier. All airports through which a city is served by any carrier will be deemed to be a single connecting point when the receiving carrier has confirmed reservations to the delivering carrier.

3) **Delivering carrier** means a carrier on whose flight a passenger holds or held confirmed space to a connecting point.

4) **Misconnection** occurs at a connecting point when a passenger holding confirmed space on an original receiving carrier is unable to use such confirmed space because the delivering carrier was unable to deliver him/her to the connecting point in time to connect with the receiving carrier's flight.

**NOTE**: The same rules regarding delivering and receiving carrier responsibility apply at the subsequent point(s) of misconnection as would apply at the point of original misconnection.

5) **New receiving carrier(s)** means a carrier or combination of connecting carriers, other than the original receiving carrier(s), operating between the point of misconnnection and the destination or next point of stopover or connecting point shown on the passenger's ticket, on whose flight a passenger is transported from the connecting point.

6) **Original receiving carrier(s)** means a carrier or combination of connecting carriers on whose flight(s) a passenger originally held or holds confirmed space from a connecting point to a destination, next stopover or connecting point.

7) **Outbound flight** means the flight on which a passenger originally held confirmed spacebeyond the point where the schedule irregularity or failure to carry occurs.

8) **Schedule irregularity** means any of the following irregularities:
i) Delay in scheduled departure or arrival of a carrier's flight resulting in a misconnection, or

ii) Flight cancellation, omission of a scheduled stop, or any other delay or interruption in the scheduled operation of a carrier's flight, or

iii) Substitution of equipment of a different class of service, or

iv) Schedule changes which require rerouting of passenger at departure time of the original flight.

**C) SCHEDULE IRREGULARITY**
When a passenger will be delayed because of a schedule irregularity or a carrier cancels the passenger's reservation according to Rule 135 (Cancellation of Reservations).
1) Any carrier causing such delay or in the case of a misconnection, the original receiving carrier(s) will

Voluntary Refunds

Refusal to Transport
Rerouting

**Reservations and Tickets**
Cancellation of
Reservations
Confirmation of
Reservations
Prepaid Ticket Advice
Charges
Tickets
Ticket Validity
Return Check Charge

Schedules and Operations
Interference with
Equipment

transport the passenger without stopover on its (their) next flight on which space is available in the same class of service as the passenger's original outbound flight at no additional cost to the passenger. If space is available on a flight(s) of a different class of service acceptable to the passenger, such flight(s) will be used without stopover at no additional cost to the passenger, only if it (they) will provide an earlier arrival at the passenger's destination, next stopover point, or transfer point.

2) If the carrier causing such delay, or in the case of misconnection the original receiving carrier(s) is unable to provide onward transportation acceptable to the passenger, any other carrier or combination of connecting carriers, at the request of the passenger will transport the passenger without stopover on its (their) next flight(s) in the same class of service as the passenger's original outbound flight; or if space is available on a flight(s) of a different class of service acceptable to the passenger, such flight (s) will be used without stopover at no additional cost to the passenger, only if it (they) will provide an earlier arrival at the passenger's destination, next stopover point or transfer point, or

3) The carrier causing the schedule irregularity will provide a refund in accordance with Rule 260 (Involuntary Refunds) if applicable.


**D) AMENITIES/SERVICES FOR DELAYED PASSENGERS**
The carrier will assume the expenses outlined below for all passengers incurred as a result of cancellation, delay or interruption of any flight on which a passenger holds confirmed reservations. Passengers will be informed of the available amenities when a delay is expected to exceed 4 hours.
1) **Hotel Rooms** - HA will provide one-night's lodging at accommodation selected by HA when a passenger's delay is expected to exceed 4 hours and extend into the period 10:00 pm through 6:00 am, and no scheduled alternate transportation is available to the passenger's destination or stopover point. HA will not provide lodging for passengers who reside in the city where the interruption occurs.

2) **Meals** - Passengers will be furnished one meal voucher if the delay will extend beyond the four (4) hours. No alcoholic beverages will be furnished to any passengers.

3) **Local Ground Transportation** will be provided to the downtown area or from/to local hotel whichever is applicable.

4) **Communications** - One long distance telephone call will be allowed between any two points in the United States.

5) In lieu of the above, and subject to passenger's approval, HA will compensate the passenger with credit valid for the purchase of transportation. The credit will be valid for travel only on HA within 365 days of the date of issue and will apply only to online transportation via HA, may not be endorsed to or accepted by any other carrier and is not refundable to, saleable by, transferable by or assignable by the passenger.

**EXCEPTION 1**: The provisions above do not apply to passengers holding confirmed reservations, on a flight which is delayed or cancelled because of U.S. weather bureau observations or forecasts indicating that environmental conditions will be such that at the time or arrival or departure of the flight either the airport may be closed,or that weather conditions will be less than minimum allowed for landing or takeoff as required by the Federal Aviation Administration. If an attempt is made to conduct the flight, all passengers will be informed that an attempt will be made.

**NOTE**: The above exception does not apply and amenities will be provided to:
1) A passenger who is deplaned at a point other than his/her destination or point of origin.

2) A passenger whose onward transportation on the carrier is delayed or cancelled at a connecting point intermediate to his/her destination.

3) A passenger who in the carrier's best judgment requires such amenities and services because of special circumstances, i.e., unaccompanied children, elderly persons, invalids or incapacitated and/or ill passengers, and qualified individuals with a disability, in order to maintain the safety, health and welfare of such passengers.

**EXCEPTION 2**: When an HA flight is delayed or cancelled because U.S. Weather Bureau observations or forecasts indicating that environmental conditions at the airport of destination will be such that, at the time of arrival of the flight, either the airport may be closed, or that weather conditions will be less than minimum allowed for landing as required by the Federal Aviation Administration, passengers originating travel on such a flight will be given that information before departure of the flight. After all passengers have been informed that 1) indications are the flight will be unable to land at

their destination or stopover point and 2) that if the flight does not land, HA will not provide amenities of any kind, those passengers who nevertheless elect to travel may be boarded. Passengers who hold confirmed reservations and who have come to the airport to board that flight to that point but elect not to travel after being so informed, will be provided ground transportation from the airport, back to their residence/hotel, but no other amenities will be provided. Passengers making direct connections from another HA flight or any other carrier will be provided full amenities, whether they elect to remain at the connecting point or whether they elect to travel and are landed at a point other than their final destination or stopover point.

**EXCEPTION 3**: The services and amenities described above will not be provided for flight interruption, cancellation or delay caused by acts of God, riots, civil commotions, government embargoes or regulations, wars, hostilities, disturbances, adverse weather conditions, labor disputes, air traffic congestion, airport closure or interline misconnection due to delay of other carriers.

E) If extended delays (over two- (2) hours) are encountered for passengers already boarded, HA will attempt to arrange for deplaning. If that is not possible or deplaning would only lengthen the delay, HA will provide food (snack mix, pretzels etc.), water, juice and/or soft drinks, rest room facilities and access to medical treatment, consistent with passenger and employee safety.

F) **LIABILITY OF CARRIER** Except to the extent provided in this rule, no carrier will be liable for failing to operate any flight according to schedule or for changing the schedule of any flight, with or without notice to the passenger.

G) Notwithstanding the provisions of this rule, the carrier will not accept for any purposes under this rule, passenger tickets or related transportation documents issued by any carrier which is in substantial default of its interline obligations or whose aviation certificate has been revoked or suspended by the Federal Aviation Association.

**EXCEPTION**: Notwithstanding the provisions of this paragraph, tickets issued by the defaulting carrier will be accepted solely for transportation over the lines of another carrier provided such tickets were issued by such defaulting carrier in its capacity as agent for the other carrier and specified transportation via that carrier. When tickets are accepted, no adjustments in fare will be made which would require the other carrier to refund money to the passenger.

H) The carrier will not be responsible for any consequential damages or incidental costs incurred by the passengers such as, but not limited to, loss of wages/income/salaries.

**HOME** ▪ **Reservations** ▪ **Flight Schedule/Info** ▪ **Special Offers** ▪ **HawaiianMiles** ▪ **Programs/Services** ▪ **About Us**

Access My HawaiianMiles  •  Help/FAQ  •  Sitemap  •  Contact Us  •  Privacy Policy    © 2005 Hawaiian Airlines

▼ Contract of Carriage

**View Entire Document**

Acceptance of Children

Airport Lounge Facilities

Application of Tariff

**Baggage**

Animals

Baggage (General)

Baggage Liability

Cabin-Seat Baggage

Checked and Carry-on Baggage

Excess Baggage Charges

Free Baggage Allowances

Special Items

Claims

Customer Advocate Issues

Definitions

Denied Boarding Compensation

Dogs

Electronic Surveillance

Emergency Situation

**Fares and Routings General**

Application of Fares

Circle-Trip Fares

Currency

Minimum Fares

Round-Trip Fares

Routings

Stopovers

Flight Delays/Cancellations (Confirmed Passengers)

Flight Delays/Cancellations (Stand-By Passengers)

Oxygen Service

Passports and Visas

**Refunds**

Foreign Currency Refunds

Involuntary Refunds

## Contract of Carriage : Rule 230

### LIABILITY -- BAGGAGE
#### A) LIMITATIONS OF LIABILITY
Liability, if any, for the loss of, damage to, or the delay in the delivery of, any personal property, baggage (whether such property has been checked in or otherwise delivered into the custody of the carrier) shall not be more than USD 2800.00 per passenger subject to certain exclusions set forth below unless the passenger elects to pay for higher liability as provided for in paragraph C) below.

*Exception 1:* When transportation is via HA, and one or more carriers with different limitations of liability, and responsibility for loss, damage or delay in delivery of baggage cannot be determined, the lowest maximum liability will apply when the claim is filed with HA.

*Exception 2:* With respect to domestic transportation, the baggage liability limits do not apply to liability for loss, damage, or delay concerning wheelchairs or other assistive devices. The criterion for calculating the compensation for a lost, damaged, or destroyed wheelchair or other assistive device shall be the original purchase price of the device.

#### B. EXCLUSIONS FROM LIABILITY

1) HA shall not be liable for the loss, damage or delay in delivery of any property which is not acceptable for transportation in accordance with Rules 190, 195 and 200, or for any other loss or damage of whatever nature resulting from any such loss or damage, or from the transportation of such property. This exclusion is applicable whether the non-acceptable property is included in the passengers checked baggage, with or without the knowledge of the carrier.

2) HA assumes no liability for articles carried into the passenger cabin, whether known or unknown to HA.

3) HA assumes no liability for medicines including but not limited to vitamins, dietary supplements, over counter home remedies etc., orthotic devices (surgical supports), money, jewelry, camera equipment, kitchen appliances of any kind, or other valuable or fragile items, including but not limited to items listed below, whether contained in checked or unchecked baggage, with or without the knowledge of HA:

#### A) ARTISTIC ITEMS
Sculptures; paintings or pictures, framed or unframed; and models. Sconces; decorative screens; items of decorator stones; marble, onyx and alabaster; vases; figurines;trophies; souvenirs; other decorator objects and curios, chess sets; drawings; statues; or other sculptures; paintings; picture albums; plastics; plaster of paris molds and casts; photographs; display models; antique furniture; fish tanks; terrariums; religious or ceremonial mats; artifacts.

#### B) CHINAWARE/CERAMICS/POTTERY (See also *Glass*)
Ceramics, pots, bowls, crockery, dishes, glasses, earthenware, and other containers or ornaments made of porcelain or clay hardened by heat.

#### C) ELECTRONIC AND MECHANICAL ITEMS
Typewriters, sewing machines, watches, clocks, sensitive calibrated tools and instruments, televisions, radios (including citizen band), calculators, audio and video equipment and parts thereof, computers and/or parts thereof, cellular telephones and/or parts thereof, compact disc players, discs, and parts thereof, electronic microscopes, electographs, and electronic medical equipment that includes tubes and glass.

#### D) GARMENT BAGS
Garment Bags and suit/dress covers of light, flimsy plastic or vinyl designed for carrying and not for shipping.

#### E) GLASS (See also *Chinaware/Ceramics/Pottery*)

Voluntary Refunds

Refusal to Transport

Rerouting

**Reservations and Tickets**

Cancellation of
Reservations

Confirmation of
Reservations

Prepaid Ticket Advice
Charges

Tickets

Ticket Validity

Return Check Charge

Schedules and Operations

Interference with
Equipment

Glassware, crystal, mirrors, bottles and any liquids contained therein (excluding reasonable quantities or toiletries), prescription or non-prescription sunglasses, eyeglasses and contact lenses.

**F) HOUSEHOLD ARTICLES**
Lamps, lamp shades, picture frames and furniture.

**G) LIQUIDS**

**H) LIQUOR/CARTONS**
Liquor/cartons provided for hand carriage by duty-free shops.

**I) MUSICAL INSTRUMENTS AND EQUIPMENT**
Guitars, violins and violas, cellos, ukuleles, organs, harps, drums, and other musical instruments and amplifiers or speakers used in conjunction with electronic instruments that are not protected or in carrying cases that are not sufficient to prevent damage during the course of normal baggage handling, or if string instruments do not have their strings loosened prior to transport.

**J) PAPER**
Business/personal documents, negotiable papers, securities, manuscripts, publications (including manuals and textbooks), mechanical drawings, blueprints, maps, charts, historical documents, daytimers, and photographs.

NOTE: All photographs referred to in this section include negatives, prints, portraits and slides.

**K) PERISHABLE ITEMS**

(1) Floral and nursery stock such as flower, fruit and vegetable plants; cut flowers and foliage; floral displays; and bulbs.

(2) Foodstuffs (fresh and frozen) such as fruits, vegetables, meat, fish, cheese, poultry, and bakery products.

(3) Plants and foliage such as branches and blossoms or flowers, fruits and vegetables.

**L) PHOTOGRAPHIC/CINEMATOGRAPHIC EQUIPMENT**
Cameras, camera lenses, film (processed or unprocessed), photoflash equipment, photometers, spectroscope, phototubes, or other devices using sensitive tubes or plates and parts thereof.

**M) PLASTICS** (See also *Toys*)

**N) PRECISION ITEMS**(See also *Electronic and Mechanical Items*)
Microscopes, oscilloscopes, telescopes, barometers, binoculars, meters, counters, Polygraphs electrographs, medical equipment, watches, clocks, and other sensitive calibrated tools and equipment.

**O) RECREATIONAL AND SPORTING GOODS**
Backpacks, sleeping bags, and knapsacks (and contents thereof) made of cloth, plastic, vinyl, or other easily torn material, and those that have aluminum frames, outside pickets, straps, buckles and other protruding parts.

**P) TOYS**
Dolls, stuffed animals, dollhouses, and model trains and airplanes.

**Q) MISCELLANEOUS ITEMS**
Natural fur products, irreplaceable items, sample goods for resale, heirlooms, collectibles, artifacts, precious metals/stones, silverware, silver, flat-wear, cash, gift items, souvenirs, toolboxes and tools.

**R) DENTURES AND RETAINERS**
Any Dental/orthodontic including but not limited to Dentures, Retainers, Bridges etc.

4. HA shall not be liable for damage to baggage which does not impair the ability of the baggage function, and specifically shall not be liable for damage arising from the normal wear and tear of baggage handling, including but not restricted to scratches, scuffs, punctures, or marks.

5. HA shall not be liable for loss or damage to articles which are strapped, fastened, or otherwise

secured to other baggage being checked and which are not independently tagged and/or packaged. Such items include but are not limited to, sleeping bags, luggage racks, luggage carriers and umbrellas.

6. HA shall not be liable for the loss, damage to, or delay in delivery of any property checked by a passenger traveling on a nonrevenue ticket or reduced rate ticket, except for any assistive devices.

7. HA shall not be liable for the loss, damage or delay in delivery of any baggage accepted by another carrier for interline transfer to HA if the items are not acceptable for transportation as checked baggage by HA.

8. The owner of a pet shall be responsible for compliance with all governmental regulations and restrictions, including furnishing valid health and rabies vaccination certificates when required. HA shall not be liable for the loss or expense due to the passenger's failure to comply with this provision, and HA shall not be responsible if any pet is refused passage through any county, state or territory.

### C) DECLARATION OF HIGHER VALUE

1. A passenger may, when checking in for a flight and presenting property for transportation, pay an additional charge for each carrier on which the property is to be transported and declare a value higher than the maximum amounts specified in paragraph A) above and up to the maximum specified below, in which event, HAÍs liability shall not exceed the higher declared value.

2. Any declared value shall not apply to items listed in paragraph B,"Exclusions from Liability" above or similar valuables when such valuables are included in baggage checked or otherwise delivered into the custody of HA.

3. HA's excess valuation may be purchased at the rate of USD 1.00 per USD100.00 of declared value. The declared value is not to exceed USD 2,800.00.

4. "Declaration of Higher Value" does not apply to live animals.

# EXHIBIT D

**EXHIBIT D**

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Air Line Pilots Association International c/o Cohen Weiss and Simon LLP Attn: Thomas N. Ciantra, Esq. 330 West 42nd Street New York, NY 10036 | 781 | 01/23/04 | no amount listed | Unliquidated | Asserting a claim based on grievances and/or employee benefits such as vacation pay or retirement benefits. Reorganized Debtor is maintaining requests for vacation and sick leave in the ordinary course. Reorganized Debtor has been performing, and will continue to perform all obligations under the collective bargaining agreements. | Expunge without prejudice to ALPA's rights to resolve the grievances pursuant to its collective bargaining agreement. | D | Fourth |
| Association of Flight Attendants Attn: Eric H. Tsugawa, Esq. 737 Bishop Street, Suite 2600 Honolulu, HI 96813 | 730 | 01/26/04 | $1,271,329.32 | PU | Asserting a claim based on grievances and/or employee benefits such as vacation pay or retirement benefits. Reorganized Debtor is maintaining requests for vacation and sick leave in the ordinary course. Reorganized Debtor has been performing, and will continue to perform all obligations under the collective bargaining agreements. | Expunge without prejudice to AFA's rights to resolve the grievances pursuant to its collective bargaining agreement. | D | Fourth |
| Belmont, Joseph P. 574 S Canvasback Way Meridian, ID 83642 | 741 | 01/23/04 | no amount listed | U | Asserting a claim for pension benefits. Claim for pension benefits is properly asserted by Pension Benefit Guaranty Corp. Pensions are being maintained in accordance with the Joint Plan. | Expunge | D | Fourth |
| Chamberlain, Michael 3270 Beaumont Woods Pl. Honolulu, HI 96822-1422 | 779 | 01/23/04 | $6,554.86 | U | Asserting claim for remainder of 14% deferred wages from 2001 at $22,942. Reorganized Debtor has paid amounts attributable to 10% of deferred wages in accordance with Court's Order [Docket No. 2935] authorizing such payments. | Expunge without prejudice to ALPA's resolution of excess amount through arbitration. | D | Fourth |

S - Secured
P - Priority
U - Unsecured

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Clark, Bruce B.<br>46-459 Hololio St<br>Kaneohe, HI 96744 | 742 | 01/26/04 | $12,849.70 | U | Asserting a claim based on: (i) 10% deferred wages; (ii) pension and retirement benefits. Reorganized Debtor has paid amounts attributable to 10% of deferred wages in accordance with Court's Order [Docket No. 2935] authorizing such payments. Portion of claim for pension and retirement benefits is properly asserted by Pension Benefit Guaranty Corp. Pensions and retirement benefits are being maintained in accordance with the Joint Plan. | Expunge | D | Fourth |
| Earle, John L.<br>1221 Victoria St., Apt #3105<br>Honolulu, HI 96814-1441 | 846 | 01/26/04 | $0.00 | U | Asserting a claim for pension and retirement benefits. Claim is properly asserted by Pension Benefit Guaranty Corp. Pensions and related benefits are being maintained in accordance with the Joint Plan. | Expunge | D | Fourth |
| Estate Of John E Coles<br>227 Condessa Ct<br>Oceanside, CA 92057 | 677 | 01/22/04 | $50,000.00 | U | Asserts workers' compensation claim. Reorganized Debtor is maintaining workers' compensation programs in the ordinary course of business. | Expunge | D | Fourth |
| Estate Of John E Coles<br>227 Condessa Ct<br>Oceanside, CA 92057 | 678 | 01/22/04 | $50,000.00 | U | Asserts workers' compensation claim. Reorganized Debtor is maintaining workers' compensation programs in the ordinary course of business. | Expunge | D | Fourth |
| Estate Of John E Coles<br>227 Condessa Ct<br>Oceanside, CA 92057 | 679 | 01/22/04 | $200,000.00 | U | Asserts workers' compensation claim. Reorganized Debtor is maintaining workers' compensation programs in the ordinary course of business. | Expunge | D | Fourth |

S - Secured
P - Priority
U - Unsecured

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Ford, James<br>PO Box 339<br>Honolulu, HI 96728 | 452 | 12/29/03 | $10,000.00 | U | Asserting a claim based on 10% deferred wages from 2001. Reorganized Debtor has paid amounts attributable to 10% of deferred wages in accordance with Court's Order [Docket No. 2935] authorizing such payments. | Expunge | D | Fourth |
| Fox, William I<br>1305 Cameo Dr<br>Ft Worth, TX 76134 | 424 | 12/24/03 | no amount listed | U | Improperly asserts a claim for the value of claimant's 401(k) balance. The Reorganized Debtor is maintaining 401(k) plans in the ordinary course. | Expunge | D | Fourth |
| Germann, Ralph R.<br>PO Box 25397<br>Honolulu, HI 96825 | 640 | 01/21/04 | no amount listed | U | Asserting a claim for pension benefits. Claim for pension benefits is properly asserted by Pension Benefit Guaranty Corp. Pensions are being maintained in accordance with the Joint Plan. | Expunge | D | Fourth |
| Godbe Jr., Ralph H.<br>PO Box 11192<br>Las Vegas, NV 89111 | 22 | 04/21/03 | $41,574.74 | U | Asserts claim for 14% deferred wages from 2001 in the amount of $18,579.04 and "Retirement Pay" as of 4/29/03 in the amount of $28,304.00. Reorganized Debtor has paid amounts attributable to 10% of deferred wages in accordance with Court's Order [Docket No. 2935] authorizing such payments. | Reduce to $5,308.30 (reflecting portion in excess of 10% deferred wages) and expunge without prejudice to ALPA's resolution of excess amount through arbitration. | D | Fourth |
| Hammer, Roger W.<br>8650 Island Drive S<br>Seattle, WA 98118 | 584 | 01/21/04 | $48,648.50 | U | Asserting a claim for accrued sick leave and vacation. No basis in law for priority status. Reorganized Debtor is maintaining requests for vacation and sick leave in the ordinary course. | Expunge. | D | Fourth |
| Helm, Marcus J K<br>307 Molokai Hema St<br>Kahului, HI 96732 | 890 | 01/26/04 | $35,613.63 | U | Claim is based on post-petition activities and improperly asserts a claim for the value of claimant's 401(k) balance. The Reorganized Debtor is maintaining 401(k) plans in the ordinary course. | Expunge | D | Fourth |

S - Secured
P - Priority
U - Unsecured

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Huber, Barbara<br>ATTN MARY CASTELLUCCIO<br>8063 KATHERINE AVE<br>PANORAMA CITY, CA 91402 | 953 | 02/23/04 | no amount listed | U | Improperly asserts a claim for the value of claimant's 401(k) balance. The Reorganized Debtor is maintaining 401(k) plans in the ordinary course. | Expunge | D | Fourth |
| International Association of Machinists and Aerospace Workers of -<br>District Lodge 141-M for itself & members<br>c/o Lowenstein Sandler PC<br>Attn: Sharon Levine<br>65 Livingston Ave.<br>Roseland, NJ 07068 | 604 | 01/20/04 | $3,880,201.00 | U | Asserting a claim based on grievances and/or employee benefits such as vacation pay or retirement benefits. Reorganized Debtor is maintaining requests for vacation and sick leave in the ordinary course. Reorganized Debtor has been performing, and will continue to perform all obligations under the collective bargaining agreements. | Expunge without prejudice to IAM's rights to resolve the grievances pursuant to its collective bargaining agreement. | D | Fourth |
| International Association of Machinists and Aerospace Workers-AFL-CIO CLC Air Transport District Lodge 141, IAMAW, on behalf of itself & members<br>c/o Lowenstein Sandler PC<br>Attn: Sharon Levine<br>65 Livingston Ave.<br>Roseland, NJ 07068 | 681 | 01/22/04 | $371,000.00 | U | Asserting a claim based on grievances and/or employee benefits such as vacation pay or retirement benefits. Reorganized Debtor is maintaining requests for vacation and sick leave in the ordinary course. Reorganized Debtor has been performing, and will continue to perform all obligations under the collective bargaining agreements. | Expunge without prejudice to IAM's rights to resolve the grievances pursuant to its collective bargaining agreement. | D | Fourth |
| Iwamoto, Reid T<br>99-052-A Moanalua Rd<br>Aiea, HI 96701 | 396 | 12/17/03 | no amount listed | U | Improperly asserts a claim for the value of claimant's 401(k) balance. The Reorganized Debtor is maintaining 401(k) plans in the ordinary course. | Expunge | D | Fourth |
| Katahara, Gerald<br>3031 Copper Cove Dr<br>Henderson, NV 89074 | 753 | 01/23/04 | no amount listed | U | Asserting a claim based on 10% deferred wages from 2001. Reorganized Debtor has paid amounts attributable to 10% of deferred wages in accordance with Court's Order [Docket No. 2935] authorizing such payments. | Expunge | D | Fourth |

S - Secured
P - Priority
U - Unsecured

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Kaui III, Charles<br>1581 Hoolaulea St<br>Pearl City, HI 96782 | 710 | 01/26/04 | no amount listed | U | Asserts workers' compensation claim. Reorganized Debtor is maintaining workers' compensation programs in the ordinary course of business. | Expunge | D | Fourth |
| Koch, Keith J<br>280 Hudson Bay St<br>Foster City, CA 94404 | 598 | 01/21/04 | $128,375.00 | U | Asserting a claim for accrued sick leave. Reorganized Debtor is maintaining requests for vacation and sick leave in the ordinary course. | Expunge | D | Fourth |
| Schmidt, Jr., Jack M.<br>5001 Ne 9th Pl<br>Renton, WA 98059 | 420 | 12/19/03 | $16,068.60 | U | Claimed amount exceeds amount set forth in Reorganized Debtor's books and records. No supporting documentation to substantiate or otherwise describe claim. | Expunge | D | Fourth |
| Stella Jr., Joseph W.<br>685 Spring S., PMB 110<br>Friday Harbor, WA 98250 | 752 | 01/23/04 | no amount listed | U | Asserting a claim based on: (i) 10% deferred wages; (ii) pension and retirement benefits. Reorganized Debtor has paid amounts attributable to 10% of deferred wages in accordance with Court's Order [Docket No. 2935] authorizing such payments. Portion of claim for pension and retirement benefits is properly asserted by Pension Benefit Guaranty Corp. Pensions and retirement benefits are being maintained in accordance with the Joint Plan. | Expunge | D | Fourth |
| Stone Jr., Daniel Q. K.<br>46-047 Lilipuna Rd<br>Kaneohe, HI 96744 | 872 | 01/26/04 | no amount listed | U | Asserting a claim based on 10% deferred wages from 2001. Reorganized Debtor has paid amounts attributable to 10% of deferred wages in accordance with Court's Order [Docket No. 2935] authorizing such payments. | Expunge | D | Fourth |

S - Secured
P - Priority
U - Unsecured

| Name and Address of Claimant | Claim Number | Date Filed | Total Claim Amount | Priority Status | Comments | Relief Requested | Exhibit | Objection |
|---|---|---|---|---|---|---|---|---|
| Summerall, Albert M.<br>1025 Oxford Ln<br>Apt 75G<br>Ft Collins, CO 80525 | 419 | 12/22/03 | $5,400.00 | U | Claimed amount exceeds amount set forth in Reorganized Debtor's books and records. No supporting documentation to substantiate or otherwise describe claim. Claimant is a pilot who was not active on 3/21/03 and has been receiving retirement benefits. | Expunge | D | Fourth |
| Vargas, Sharon D<br>94-489 Alapoai St<br>Mililani, HI 96789 | 961 | 03/25/04 | no amount listed | U | No supporting documentation to substantiate, quantify or otherwise describe claim. | Expunge | D | Fourth |
| Williams, Jerrold R.<br>1501 Valencia Ct<br>Carson City, NV 89703 | 749 | 01/23/04 | no amount listed | U | Asserting a claim for pension benefits. Claim for pension benefits is properly asserted by Pension Benefit Guaranty Corp. Pensions are being maintained in accordance with the Joint Plan. | Expunge | D | Fourth |
| Wright, George<br>1314 Denver St<br>Boulder City, NV 89005 | 892 | 01/26/04 | $2,300,000.00 | U | Asserting a claim for pension benefits. Claim for pension benefits is properly asserted by Pension Benefit Guaranty Corp. Pensions are being maintained in accordance with the Joint Plan. | Expunge | D | Fourth |
| Zane, Phil<br>3322 Craigie Ct<br>Napa, CA 94558 | 632 | 01/20/04 | no amount listed | U | Asserts claim for 14% deferred wages from 2001. Reorganized Debtor has paid amounts attributable to 10% of deferred wages in accordance with this Court's Order [Docket No. 2935] authorizing such payments. | Reduce to $7,607.06 (reflecting portion in excess of 10% deferred wages, based on salary of $190,176.48) and expunge without prejudice to ALPA's resolution of excess amount through arbitration. | D | Fourth |

| Total Amount of Asserted Claims: | $8,428,876.86 |
|---|---|

S - Secured
P - Priority
U - Unsecured

# EXHIBIT E

TOM E. ROESSER 3241-0
KATHERINE G. LEONARD 5576-0
CARLSMITH BALL LLP
Suite 2200 Pacific Tower
1001 Bishop Street
PO Box 656
Honolulu, Hawaii 96809-0656
Telephone: (808) 523-2500
Facsimile: (808) 523-0842
troesser@carlsmith.com; kleonard@carlsmith.com;

BRUCE BENNETT (Admitted *Pro Hac Vice*)
SIDNEY P. LEVINSON (Admitted *Pro Hac Vice*)
JOSHUA M. MESTER (Admitted *Pro Hac Vice*)
JOHN L. JONES, II (Admitted *Pro Hac Vice*)
HENNIGAN, BENNETT & DORMAN LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
bennettb@hbdlawyers.com; levinsons@hbdlawyers.com;
mesterj@hbdlawyers.com; jonesj@hbdlawyers.com

Counsel for Reorganized Debtor

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) Case No. 03-00817 |
| | ) |
| HAWAIIAN AIRLINES, INC., a Hawaii corporation, | ) Chapter 11 |
| | ) |
| Debtor. | ) <u>Hearing</u> |
| | ) DATE: _____, 2005 |
| | ) TIME: __:__ a.m. |
| | ) JUDGE: Hon. Robert J. Faris |
| | ) Related Docket No.: |

## ORDER APPROVING FOURTH OMNIBUS OBJECTION OF REORGANIZED DEBTOR TO CLAIMS (AMENDED/DUPLICATIVE CLAIMS, RECLASSIFIED CLAIMS, NO BASIS CLAIMS, AND EMPLOYEE BENEFITS CLAIMS)

This matter coming before the Court on the "Fourth Omnibus Objection To Claims (Amended/Duplicative Claims, Reclassified Claims, No Basis Claims, And Employee Benefits Claims)" (the "Fourth Omnibus Objection"), filed by Hawaiian Airlines (the "Reorganized Debtor"); the Court having reviewed the Fourth Omnibus Objection, any and all responses and objections to the Fourth Omnibus Objection, and the record in this case; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and 1334, and (c) notice of the Fourth Omnibus Objection was reasonable and appropriate under the circumstances; and the Court having determined that the legal and factual bases set forth in the Fourth Omnibus Objection establish just cause for the relief granted herein;

IT HEREBY IS ORDERED THAT:

1.      Each of the Amended Claims identified on Exhibit A to this Order are disallowed.

2.      Each of the Reduced and/or Reclassified Claims identified on Exhibit B to this Order are reclassified and reduced in amount such that each such claim is deemed filed in the status and the amount identified for such claim on Exhibit B in the row entitled "Relief Requested."

3.      Each of the No Basis Claims identified on Exhibit C to this Order are disallowed or reduced as indicated.

4.     Each of the Employee Benefits Claims identified on Exhibit D to this Order are disallowed.

5.     To the extent that this Order grants less than all of the relief requested in the Fourth Omnibus Objection, the Reorganized Debtor reserves all rights to object to any and all of the claims that are the subject of the Fourth Omnibus Objection on grounds not set forth in the Fourth Omnibus Objection, and the filing and prosecution of the Fourth Omnibus Objection shall not prejudice or diminish those grounds.  The Reorganized Debtor also reserves all rights to object to any and all of the claims identified as "Remaining Claims" on the various Exhibits to this Order on all available grounds, and the filing and prosecution of the Fourth Omnibus Objection shall not prejudice or diminish those grounds.

6.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

DATED:_____

In re Hawaiian Airlines, Inc., Case No. 03-00817, United States Bankruptcy Court, District of Hawaii; ORDER APPROVING FOURTH OMNIBUS OBJECTION OF REORGANIZED DEBTOR TO CLAIMS (AMENDED/DUPLICATIVE CLAIMS, RECLASSIFIED CLAIMS, NO BASIS CLAIMS, AND EMPLOYEE BENEFITS CLAIMS)

-2-